EMILY G. NORTON *vs.* MUSTEROLE COMPANY, INCORPORATED.

Middlesex.   March 2, 1920. — May 19, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Practice, Civil,* Appeal, Abatement.

Upon an appeal, under R. L. c. 173, § 96, as amended by Sts. 1906, c. 342; 1910, c. 555, § 4, from a judgment entered upon a motion by the plaintiff (the defendant not moving) after the sustaining of an answer in abatement of a writ, the record properly before this court consists only of the writ, the declaration, the answer in abatement, the motion for judgment, the order allowing the motion and the appeal, and does not include a memorandum of facts found by the judge or copies of affidavits and of documentary evidence submitted to the judge at the hearing upon the answer in abatement.

A finding of fact made by a judge of the Superior Court in an order sustaining

an answer in abatement is not subject to review upon an appeal by the plaintiff from a judgment for the defendant entered in accordance with such order.

Tort for personal injuries resulting from use of a salve manufactured and sold by the defendant and alleged to contain ingredients so compounded as to be injurious and dangerous and unfit for use. Writ dated September 13, 1919.

The defendant, appearing specially, filed the plea in abatement described in the opinion. The plea was heard by *Wait*, J., and was sustained. Thereafter, the defendant not moving, the plaintiff moved that judgment be entered "pursuant to the order of court sustaining the answer in abatement." The motion was allowed by *Hammond*, J., and judgment was entered accordingly. The plaintiff appealed.

The printed record in this court contained copies of the plaintiff's claim of appeal, the writ, the declaration, the answer in abatement, the initialed statement described in the opinion, affidavits of C. F. Buescher, of Emily G. Norton, and of Harry C. Dunbar, Esquire, copy of a telegram from C. F. Buescher to Mr. Dunbar, copy of a letter from one J. Allison Barnes to Mr. Dunbar, the plaintiff's motion for judgment and a transcription of the docket entries.

*H. C. Dunbar*, for the plaintiff, submitted a brief.

*P. D. Turner & Lee M. Friedman*, for the defendant.

Rugg, C. J. This is an action at law sounding in tort. The defendant appeared specially and answered in abatement that it was a foreign corporation having no principal or usual place of business in the Commonwealth, and that it was not engaged in or soliciting business within the Commonwealth, and that it had here no agent authorized to receive service of process, and that it had not been made subject to the jurisdiction of the court. The answer in abatement was sustained and judgment was entered for the defendant, from which the plaintiff has appealed.

It is provided by St. 1910, c. 555, § 4, amending R. L. c. 173, § 96; St. 1906, c. 342, that "A party who is aggrieved by a judgment of the Superior Court upon a demurrer . . . or a party who is aggrieved by any other judgment founded upon matter of law apparent on the record in any proceeding, may appeal therefrom to the Supreme Judicial Court." Therefore an appeal in an action

at law brings before this court for consideration only "matter of law apparent on the record." The record before us consists of the writ, the plaintiff's declaration, the answer in abatement, a motion for judgment, the allowance of the same and the plaintiff's appeal. There is no error of law apparent on the face of these papers.

There is printed among other papers one not entitled nor signed, although identified by initials. Its words are: "Nov. 13, 1919. I find that the facts set out in the affidavit of C. F. Buescher, Emily G. Norton and Harry C. Dunbar, Esq., are true; I find and rule that the Musterole Company, Inc., is not 'engaged in or soliciting business' in this Commonwealth. This finding is based on said affidavits and inferences therefrom. The plea in abatement is found to be true and is sustained."

If it be assumed that this was a finding of facts by a judge of the Superior Court, it is no part of the record because not signed and embodied in a bill of exceptions or report. *Cressey* v. *Cressey,* 213 Mass. 191. *Naylor* v. *Nourse,* 231 Mass. 341, 343. *Standish* v. *Old Colony Railroad,* 129 Mass. 158. *Regal* v. *Lyon,* 212 Mass. 230, and cases collected. *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, 545.

If this unsigned paper be treated as a direction to the clerk concerning an entry to be made, and if it can be said that because the substance of this paper was extended on the "Docket Record," copy of which is before us, and that therefore it has become a part of the record of the case, (*Shanahan* v. *Boston & Northern Street Railway,* 193 Mass. 412, 413, § 1, General Rules as to Records promulgated by the justices of the Supreme Judicial Court under St. 1917, c. 206,) still it is only a finding of fact and decision. Manifestly a simple finding of fact discloses no error of law and cannot be revised by this court. It must be accepted as true. This court in actions at law does not weigh evidence nor revise findings of fact. *Atlantic Maritime Co.* v. *Gloucester,* 228 Mass. 519, 522.

The affidavits doubtless were received and treated as evidence. They are merely evidence, however, even though in writing and left among the papers in the case. They are no part of the record. The usual way to bring evidence before this court in an action at law is by exceptions or report. *Moran* v. *Murphy,* 230 Mass. 5, and cases there cited. *Rose* v. *Harrison,* 228 Mass. 261. *Carroll* v.

*Daly*, 162 Mass. 427. While the common way to extend pertinent evidence or material facts upon the record in an action at law is by exceptions, it may also be done by a case stated, by agreed facts, by facts agreed upon as evidence, by report, and by special verdict. *Frati* v. *Jannini*, 226 Mass. 430. *Harmon* v. *Sweet*, 221 Mass. 587, 598. See *O'Brien* v. *Keefe*, 175 Mass. 274. No one of these methods was pursued in the case at bar.

The question of law whether on the facts found by the judge, with the inferences drawn therefrom, the defendant was engaged in or soliciting business within the Commonwealth or had been made subject to the jurisdiction of the court, was proper matter for a request for ruling of law, and if refused, for exception. It does not appear that any such request for ruling was made, or that any exception was saved. On this record the only matter presented is a finding of fact made by a judge in a case heard without a jury. The principle that such finding of fact must be accepted as final and is not subject to review in this way is too familiar to require further reference to authorities. The simple and plain way to present the question of law, whether on the evidence a decision may be made in one way, is by bill of exceptions. That involves a request for a ruling of law, and an exception either to its denial or granting.

*Judgment affirmed.*