SHEEHAN CONSTRUCTION COMPANY *vs.* BURTON E. DUDLEY.

Suffolk.    November 2, 1936. — January 26, 1937.*

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Land Court*, Appeal, Decision, Findings by judge. *Words*, "Decision."

A "decision" by a judge of the Land Court, showing that findings recited therein were intended to be incorporated in the record as basis for the rulings and order for judgment set forth, was appealable under G. L. (Ter. Ed.) c. 231, §§ 96, 142; c. 185, § 15.

An appeal from a "decision" of the Land Court under G. L. (Ter. Ed.) c. 231, §§ 96, 142; c. 185, § 15, did not bring up the exclusion of an offer of proof to which no exception was saved.

MOTION, filed in this court on October 13, 1936.

*H. F. Marks*, for the demandant.

*M. M. Frankel*, for the tenant.

---

* Printed out of order by direction of the court. — REPORTER.

RUGG, C.J.   This is a writ of entry to recover possession of a parcel of land in Wakefield.   The plea of the tenant is in effect *nul disseisin*.   There was a trial before a judge of the Land Court, who filed a "Decision" concluding with an order that judgment must be entered for the demandant for possession and damages.   The tenant appealed from this decision.   The demandant filed in this court a motion to dismiss the appeal on the ground that under the governing statutes and practice appeal does not lie, and that the only remedy open to the tenant was by a bill of exceptions.

"Questions of law arising in the land court on any decision or decree may be taken by any party aggrieved directly to the supreme judicial court for revision in the same manner in which questions of law are taken to that court from the superior court."   G. L. (Ter. Ed.) c. 185, § 15.   That section was said to mean, in *Crawford* v. *Roloson*, 262 Mass. 527, 529, "that alleged errors of law arising in the Land Court are to be taken to the Supreme Judicial Court by the same legal form as those arising in the Superior Court; that is to say, by exceptions or appeal or whatever other form may be required by statute.   The word 'manner' in that section is to be thus interpreted."   It is provided by G. L. (Ter. Ed.) c. 231, § 96 (which by § 142 of the same chapter applies to the Land Court), that a party aggrieved "by any order decisive of the case founded· upon matter of law apparent on the record in any proceeding, may appeal therefrom to the supreme judicial court."   The only attempt made by the tenant to bring the present case here was by appeal.   He must therefore bring himself within the terms of said § 96 and show that he complains of an error of law apparent on the record in respect to the order for judgment for the demandant.   *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133.   In *Bessey* v. *Ollman*, 242 Mass. 89, 91, it was held that "An appeal from the Land Court brings before this court only questions of law apparent upon the record.   Findings of fact cannot be revised."   *Holmes* v. *Barrett*, 269 Mass. 497, 499.

The decision of the judge of the Land Court in the case at bar sets out to some extent the history of the title to the

demanded premises. Thus it appears that the demandant claims title through a deed from one Hayes dated in 1934, who in turn acquired title in 1933 from one Alice C. Barry. She foreclosed a mortgage, of which she was assignee, on the demanded premises, became purchaser at the foreclosure sale, and later brought a writ of summary process against the tenant in which she ultimately prevailed. *Barry* v. *Dudley*, 282 Mass. 258. In 1933 the tenant with another brought a suit in equity against said Alice C. Barry and others, seeking to have the foreclosure sale made by her set aside and the foreclosure deed declared null and void. Copies of the bill and an amendment thereof, the decision of the trial judge, and a final decree dismissing the bill are set forth. An offer of proof in writing was made by the tenant, which was excluded by the Land Court judge. No exception was saved to this exclusion. The trial judge stated some reasons why in his opinion the question of title to the demanded premises had become *res judicata* against the tenant.

The decision of the judge of the Land Court was something more than a mere finding of facts. Certain facts are therein settled and declared, but they were preliminary and ancillary to the determination of the issues of law in the case. The word "decision" has been used in the statutes respecting the Land Court since its establishment. It has been constantly employed by the judges of that court to describe their ultimate determination respecting issues involved, and frequently includes recitals of facts. It often has been referred to in judgments of this court. *Welsh, petitioner*, 175 Mass. 68, 70. *Welsh* v. *Briggs*, 204 Mass. 540, 549. *Mitchell* v. *Cobb*, 220 Mass. 60. *Springfield* v. *Arcade Malleable Iron Co.* 285 Mass. 154. *Bacon* v. *Kenneson*, 290 Mass. 14. *Olson* v. *Carpenter*, 296 Mass. 120, 122, 125. The word "decision" has no technical or narrow meaning in this connection but is a word of sufficiently broad import to include the final determination reached by a judge. *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, 503, 504. In the case at bar, whatever facts are incorporated in the decision appear to be made a part of the record be-

cause inextricably interwoven with the rulings of law and order for judgment. The general rule is that findings of fact in an action at law commonly are not a part of the record unless embodied in a bill of exceptions or a report. *Cressey* v. *Cressey,* 213 Mass. 191. *New York Life Ins. Co.* v. *Macomber,* 169 Mass. 580. *Powdrell* v. *DuBois,* 274 Mass. 106, 108. *Check* v. *Kaplan,* 280 Mass. 170, 174. *Palumbo* v. *Bambini,* 295 Mass. 427. That rule is not relaxed by anything here decided. The present record is interpreted, though with some hesitation, to mean that the facts set forth in the decision were intended by the judge of the Land Court to be incorporated in the record as a basis for the rulings of law and the order for judgment made by him. The appeal presents the question of law whether the decision as an entirety was wrong. This conclusion rests in part upon a practice of the Land Court and in part upon the long continued use of the word "decision" in this connection. It is not to be extended. A bill of exceptions would avoid doubts as to the precise questions of law raised.

We think that the ruling excluding the offer of proof is not open for consideration on this appeal. No exception was saved to the ruling. The practice as to equity appeals with full report of the evidence, established by G. L. (Ter. Ed.) c. 214, § 25, is not applicable to the case at bar.

*Motion to dismiss appeal denied.*