JOHN F. McCARTHY vs. RICHARD J. LANE, executor, & others.

SAME vs. SAME.

Suffolk.    November 8, 1937. — September 13, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Land Court*, Jurisdiction, Appeal, Registration. *Boundary. Deed*, Recording. *Notice. Equity Jurisdiction*, To enjoin trespass. *Damages*, For tort.

The Land Court has jurisdiction under G. L. (Ter. Ed.) c. 185, § 1 (k), as it appears in St. 1934, c. 67, § 1, of a suit in equity by a landowner against an adjoining landowner for the removal of encroaching structures from the petitioner's land and for damages.

In registration proceedings, appeal lies under G. L. (Ter. Ed.) c. 231, §§ 96, 142; c. 185, § 15, from a "decision" by the Land Court which includes findings of fact as the basis of the final judgment.

Upon appeal from a decision by a judge of the Land Court stated to rest "on all the evidence," but without inclusion of the evidence in the record, the question before this court was whether the specific findings recited in the decision were as matter of law inconsistent with the judge's general conclusion.

If one, claiming title to land under a deed thereof recorded before but bearing a date later than a deed of the same land by the same grantor to another, had no actual notice of the other deed, his title is superior, regardless of whether any of his predecessors in title had such notice.

Mere knowledge of facts sufficient to put one on inquiry is not enough to show "actual notice" within G. L. (Ter. Ed.) c. 183, § 4.

Upon specific findings by a judge of the Land Court in registration proceedings· that the boundary between the petitioner's land and the adjoining land was the middle of an old wall which the adjoining landowner had removed and replaced with a new wall encroaching upon the petitioner's land, but with a statement by the judge that he did not "know exactly where the old wall was located," it was error to establish the middle line of the new wall as the boundary; and it also was error, in a companion suit in equity against the adjoining landowner, to award the petitioner damages "for land seized" up to the new wall.

No circumstances appeared to prevent application of the general rule that equity will compel a landowner to remove structures wrongfully encroaching upon land of another.

In a suit in equity by a landowner against the owner of adjoining land for removal of structures unlawfully encroaching upon the plaintiff's land, and for damages, where a decree of removal was entered, damages

should be assessed for a temporary trespass only respecting those structures ordered to be removed.

In a suit in equity in the Land Court by a landowner against an adjoining landowner for removal of structures unlawfully encroaching upon the petitioner's land, heard with proceedings by him for registration of the title to his land, it was proper to include in his damages for the trespass the fee of a surveyor, but not a part of the fee of the court's title examiner.

PETITION for registration of the title to land, filed in the Land Court on November 13, 1936.

PETITION IN EQUITY, filed in that court on November 14, 1936.

The cases were heard together by *Smith*, J. In his decision the judge stated: "The bill of complaint filed by the petitioner as supplementary to, and heard with, the registration case prays (among other things) for an order directing the respondent to restore the old wall and remove the new one. On all the evidence before me I think that course inadvisable as I do not know exactly where the old wall was located, and in my discretion I refuse that prayer. I therefore establish the middle line of the new wall, and a line extended to Oakes Lane in the same direction, as the registration boundary line between the parties. In so doing I find there is an invasion, to a small extent, of the petitioner's domain and for this legal wrong which has been committed by the respondent I assess liquidated damages against him in the sum of $190, together with witness fees and costs of court in the equity case. In making up this figure I have, in my own mind, assigned a lump sum of $100 for land seized, $50 for the services of . . . [a surveyor] and $40 (one-half the charge of $80) for the services of the title examiner in the registration case . . . ."

The decree in the suit in equity provided "that the wall constructed by the respondent between Eden Road and Oakes Lane near the southerly boundary of the plaintiff's land, encroaches upon the plaintiff's land and that the defendant's garage near Oakes Lane further encroaches on the plaintiff's land; that the court in its discretion declines to order the removal of the new wall, having established in a registration of title tried with this case the new boundary

line as the middle line of the new wall, and such line extended in the same direction to Oakes Lane; that the court further finds the damages sustained by the plaintiff by the encroachment of the new wall to be $190, made up as set forth in the decision in this case . . . and orders the defendant to pay the same to the plaintiff, together with costs . . . that the defendant move his garage within thirty days from the entry of this decree so that no part of the said garage or the overhang of its eaves will extend beyond the middle line of the said new wall as extended to Oakes Lane."

*R. J. Lane*, for Lane, executor, and others.

*S. R. Wrightington*, for McCarthy.

Qua, J. The first case is a petition for registration of title to parcels of land on the east and west sides of Eden Road, in Rockport. The second case is a suit in equity to enjoin the defendants from maintaining any part of a wall or garage on the plaintiff's land, to compel them to restore a former wall, and for damages. John J. Casey, the original respondent and defendant, died since the argument in this court, and his executor and devisees have assumed the defence of both cases.

The Land Court had jurisdiction of both cases. G. L. (Ter. Ed.) c. 185, § 1, paragraphs (a) and (k), as amended, in paragraph (k), by St. 1934, c. 67, § 1.

Both McCarthy and Casey appealed from the decision in the registration petition, and Casey appealed from the final decree in the suit in equity. All three appeals are properly before us. G. L. (Ter. Ed.) c. 185, § 15; c. 231, §§ 96, 142; c. 214, § 19. *Sheehan Construction Co.* v. *Dudley*, 299 Mass. 48. Upon the authority of the case just cited we treat the facts found by the judge in his decision as a part of the record on appeal in the petition for registration. The decision rests "On all the evidence," but the evidence is not before us, so that we can consider only whether the specific facts found are as matter of law inconsistent with the general conclusions. *Bacon* v. *Kenneson*, 290 Mass. 14, 15. Various requests for findings and rulings have been printed with the record, but they are not incorporated in the "Decision" by reference or otherwise identified therein,

although the decision purports to deal with "requests for rulings." Requests for rulings as such have not been argued by any party. We do not feel called upon to determine their status or to deal with them. *Given* v. *Johnson*, 213 Mass. 251. *Pizer* v. *Hunt*, 253 Mass. 321, 326. *Mullen* v. *Sewer Commissioners of Milton*, 280 Mass. 531, 537.

In the petition for registration the whole controversy turns upon the locations of the boundary lines between the lands of the petitioner and the lands owned by Casey at his decease which lie immediately south of the petitioner's parcels both east and west of Eden Road.

As to the disputed line east of Eden Road the judge finds in substance that title to all the lands claimed by the petitioner and by Casey east of the road came to Francis M. Weld. Weld conveyed to one Aubin by deed recorded June 16, 1891. The petitioner's title to all the land claimed by him east of Eden Road is derived through mesne conveyances from Aubin. The respondents also claim through mesne conveyances under a deed from Weld which included a part of the land conveyed by Weld to Aubin and claimed by the petitioner, but which was not recorded until June 24, 1891, eight days after the recording of the deed to Aubin.

Any grantee claiming under the Aubin deed who did not himself have actual notice of the later recorded deed acquired a title superior to that of grantees claiming under the later recorded deed, even though that deed may have borne an earlier date than the Aubin deed; and this remains true, even though some former grantee under the Aubin deed may have had such notice. *Morse* v. *Curtis*, 140 Mass. 112. G. L. (Ter. Ed.) c. 183, § 4. Actual notice is a question of fact. There is nothing in the record which compelled the judge to find that the petitioner had actual notice of an earlier deed. The "actual notice" of the statute has been construed with considerable strictness. *Mara* v. *Pierce*, 9 Gray, 306. *Richardson* v. *Smith*, 11 Allen, 134, 135, 139. *Dooley* v. *Wolcott*, 4 Allen, 406, 409. Knowledge of facts which would ordinarily put a party upon inquiry is not enough. *Parker* v. *Osgood*, 3 Allen,

487. *Toupin* v. *Peabody*, 162 Mass. 473, 478. The burden of proof of actual notice is upon the party claiming under the later recorded deed. *Hughes* v. *Williams*, 229 Mass. 467. References in the deeds in the petitioner's chain of title to Casey and his predecessor as adjoining owners on the south would not require a finding that the grantees had actual notice of a deed which encroached upon the land then being acquired by them. *George* v. *Kent*, 7 Allen, 16, cited by the respondents, presented a different state of facts. Moreover, for aught we know there may have been parol evidence clearly indicating that the petitioner did not have actual notice of any prior unrecorded deed affecting the land which he sought to register. There was no error of law in the decision in so far as it related to land east of Eden Road.

As to the land west of Eden Road the judge made in substance these findings: The boundary between the lands of the respective parties was the average middle line of an old wall which Casey, without consulting the petitioner, removed in 1936 when he built a new wall, apparently straight and found to be of about the same thickness as the old one, and a garage, one face of which was in line with the new wall. The east end of the new wall is at least eight and one half inches farther upon the petitioner's land than was the old wall, and its west end "is deeper into the petitioner's territory." The garage and its eaves "still further invade the petitioner's domain." Notwithstanding these findings the judge further found that he did not "know exactly where the old wall was located," and then continued as follows, "I therefore establish the middle line of the new wall, and a line extended to Oakes Lane in the same direction, as the registration boundary line between the parties."

Doubtless it was difficult to locate the old wall which had been removed, and that wall may not have been entirely straight. The petitioner had the general burden of proof, and was entitled to registration of only the quantity of land to which he could establish his title. Yet it is the purpose of registration proceedings to confirm and register

existing titles according to their true boundaries, and not to force transfers of lands from one party to another. Whatever may have been the difficulties confronting the trial judge, we cannot remain satisfied with a decree which will establish as a new boundary the center line of a wall both ends of which line are expressly found to encroach upon land of the petitioner to the extent of eight and one half inches at one end and "deeper" than that at the other end. We are not convinced that there is no way in which a line can be established with reasonable accuracy within the limits of the petitioner's proof without depriving him, at least at each end of the line, of some land which is actually found to be his.

In the decree in the equity suit there was no error of which the defendants can complain in ordering the garage removed (in part at least) from the plaintiff's land. It is the general rule that wrongful encroachments must be removed. In this instance there is no peculiar hardship which takes the case out of the rule. The authorities are collected and fully discussed in the recent cases of *Geragosian* v. *Union Realty Co.* 289 Mass. 104, 108–110, and *Gray* v. *Howell*, 292 Mass. 400, 403–404.

There was error in the final decree in requiring Casey to pay damages based upon permanent occupation by him up to "the new boundary line" which we hold was erroneously established. Besides, damages should be based upon the theory of temporary trespass and not, as in this decree, upon the theory of full compensation "for land seized," unless the plaintiff asks damages for permanent occupation by such of the defendants' structures as are not ordered to be removed. *Loughlin* v. *Wright Machine Co.* 273 Mass. 310, 316. *Levi* v. *Worcester Consolidated Street Railway*, 193 Mass. 116, 119. *Gray* v. *Howell*, 292 Mass. 400, 405. We are unable to see how the charge for services of the title examiner, who, as in all cases of land registration and as an incident of the proceeding, examined the entire title to all the parcels, has any such direct relation to the trespassing structures as to justify the inclusion of one half of it in the damages for the trespass. But we cannot say there was

error in including the charges of a surveyor, as the evidence may have shown that his employment was necessary to ascertain the extent of the trespass.

In the registration petition the decision is reversed. The findings and rulings of the judge are to stand as to the land of the petitioner east of Eden Road. The case is to be retried on the sole issue of the location of the boundary between land of the petitioner and land of the respondents west of Eden Road. The decree in the suit in equity is reversed because of the damages. Rehearing in that case is to be limited to the question of damages.

*Ordered accordingly.*