JOSEPH MALCOLM HUMPHREY *vs.* WILLIAM WALKER & another.

Middlesex.    May 12, 1943. — September 14, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Land Court*, Appeal.  *Way*, Private: location.  *Real Property*, Boundary.

A decision by the Land Court based "on all the evidence" must stand on
appeal unless error of law appeared from an examination of the decision
itself or of certain plans and documents incorporated in the decision by
reference and sent up with the printed record; evidence and other
documents not so incorporated were not before this court as a part of
the record, although sent up with it.

There was error in a decision by the Land Court fixing a right of way in a
location shown on one plan rather than in a somewhat different loca-
tion shown on another plan where the deed by which the right of way
was created described it as "right of way, designated on" the second
plan.

On appeal from a decision by the Land Court, error in findings by the
judge fixing certain boundaries was not shown where their determina-
tion was not conclusively governed by anything included in the deci-
sion but rested in part on evidence not incorporated therein and not
before this court.

PETITION, filed in the Land Court on October 31, 1941.

The case was heard by *Smith*, J.

*E. W. Hadley*, for the respondents.

*L. B. Jones*, for the petitioner.

QUA, J.  This is a petition for the registration of title to
a parcel of land on the easterly side of Walden Street in
Concord.  The respondents, as the owners of parcels of
land adjoining the petitioner's land on the east and north,
appeal from a decision ordering registration subject to and
with the benefit of rights in a private way referred to in
the decision and in a deed hereinafter mentioned as "an
old road" and running along the northerly side of the peti-
tioner's parcel.

The respondents contend that there was error in the de-
cision in several particulars which are hereinafter stated and

dealt with in turn. Since the case comes here by appeal and not by bill of exceptions, neither the evidence as a whole, nor the substance of it is before us, and the decision, which purports to rest "on all the evidence," must stand unless error appears from an examination of the decision itself. *Bacon* v. *Kenneson,* 290 Mass. 14, 15. *McCarthy* v. *Lane,* 301 Mass. 125, 127. *Boston* v. *Lynch,* 304 Mass. 272, 273, 274. *Boston* v. *Cable,* 306 Mass. 124, 126. *Holcombe* v. *Hopkins, ante,* 113, 116.

1. The respondents contend that there was error in the decision in fixing the location of the way, over which they have the right of passage appurtenant to their parcel lying easterly of the petitioner's land, by reference to a way shown by broken lines on the plan filed with this petition instead of by reference to a certain recorded plan originally made in 1917 and apparently added to in 1922, upon which the respondents contend their rights are based. So far as we can judge from inspection of the plans the way, or ways, as shown on these two plans do not exactly correspond in location, the most important difference being that the way shown on the recorded plan divides into two curving branches or forks as it approaches Walden Street and at a distance of (roughly) about one hundred feet therefrom, leaving between the branches a piece of land of generally triangular shape bounded by the two branches of the way and by Walden Street and measuring about one hundred feet on Walden Street, while the way shown on the plan filed with the petition does not divide in this manner. The advantage of the two branches would seem to consist principally in furnishing a more convenient entrance and exit between the street and the rather narrow way to persons coming or going in either direction on Walden Street.

In our view there was error in respect to this matter which appears on the face of the decision when the decision is read in connection with the plans and documents referred to therein and to be considered part thereof, which have come to us with the printed record. See *Sheehan Construction Co.* v. *Dudley,* 299 Mass. 48. In his decision the judge shows that the title of the respondents to the parcel east

of the petitioner's land is derived through a deed from one Cotter to one Blake, dated February 18, 1922. Cotter was then the owner. of a large tract out of which came the parcel of the petitioner as well as the parcel of the respondents lying next easterly thereof. The deed under which the petitioner claims was dated March 22, 1922. The deed under which the respondents claim was therefore the prior one by about a month, and the petitioner's land became subject to any easement imposed upon it by the prior deed. The deed from Cotter to Blake describes the respondents' parcel so that it corresponds with a lot shown as "Lot A" on the recorded plan, and in relation to the way contains the following: "Said premises are conveyed together and subject to right of way, designated on plan by Leonard Robinson, C.E. dated January 1922 & on plan to be recorded herewith, dated May 21, 1917 by R. J. H. Worcester, Engineer." The 1922 plan by Robinson seems to have been only an addition of certain details to the 1917 plan by Worcester, but however that may be, the foregoing description identifies the recorded plan beyond any reasonable doubt as that which was intended to delineate the way granted by the deed, and that plan bears an attest of its having been recorded on the same day as the deed. It follows that the way of the respondents over the petitioner's land appurtenant to their parcel lying next easterly should be defined by the recorded plan and not, as in the decision, by the plan filed in the Land Court with this petition.

2. The respondents contend that the decision is in error in adopting the easterly line shown on the plan filed with the petition as the easterly line of the petitioner's land. It is their contention that the southerly line of the petitioner's land, shown on that plan as 595.25 feet, does not agree with a distance fixed by scaling the recorded plan; that it is about seven feet too long; and that it therefore throws the easterly boundary the same distance too far to the east. We cannot say that error in this respect is apparent on the face of the decision. The length of the petitioner's southerly line is not definitely fixed in any determinative document as dependent upon the recorded plan. That plan

is not decisive as to the southerly boundary of the petitioner's land as it is of the location of the way appurtenant to the respondents' land lying east of the petitioner's land. The alleged discrepancy in measurements may be due to errors in surveying in one plan or the other. If it is due to that cause we have no means of knowing which plan is correct. Or the discrepancy may be due to other causes. We do not know what, if any, evidence there was on the point. Not all of the documents of title referred to in the decision have come to us with the appeal. The alleged error depends at least in part upon inference and is not a matter of immediate demonstration from the face of the decision. Whatever a bill of exceptions bringing up the substance of the evidence might have shown, acting within the limitations of an appeal, we cannot say that error of law appears.

3. Practically the same considerations are decisive against the respondents' remaining contention, relating to their parcel north of the petitioner's land, that the northerly line of the petitioner's land fixed in the decision at the "average middle line" of the way as shown on the plan filed with the petition erroneously deprives them of title to a part of the way itself and to the triangular piece between the two branches of the way. Nothing in the decision shows as matter of law that the line fixed in the decision is wrong. The petitioner's title is derived through a deed from Cotter which antedates a second deed from Cotter through which the respondents claim their land lying north of the petitioner's land. According to the decision, the deed under which the petitioner claims bounds his land "north on the way." There is nothing to show as matter of law that this should be taken to mean the way as laid out on the recorded plan. The evidence may have shown that it referred to an actual way then existing visibly on the land, and that way may have corresponded with the way delineated on the plan filed with the petition which the judge adopted as the test. There have come to us with the record a deed from Cotter to one John A. Finigan, a deed from Mary E. Finigan to one Hadley and a deed from Hadley to the respondents. These deeds are not described nor incorporated by reference

in the decision. They are not before us for any purpose as a part of the record on an appeal from the decision.

It follows that the decision is to be so modified in the Land Court (after further hearing, if that court deems further hearing necessary) as to establish the right of way appurtenant to the respondents' parcel lying easterly of the petitioner's land as "designated" on the recorded plan in accordance with the wording of the deed from Cotter to Blake, including both branches of the way at the end next to Walden Street. If this results in the way appurtenant to the respondents' parcel east of the petitioner's land following a somewhat different course from the way which bounds the petitioner's land on the north and which is appurtenant, as found by the judge, to the respondents' parcel north of the petitioner's land, that is a consequence of the wording of the deeds and the state of the record before us. Except as thus modified the decision is affirmed.

*So ordered.*