PEQUOD REALTY CORPORATION *vs.* NICHOLAS J. JEFFRIES.

Hampden.    September 23, 1943. — October 29, 1943.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Practice, Civil,* Requests, rulings and instructions, Findings by judge, Appeal.  *Words,* "Find and rule."

Even if a bond given under G. L. (Ter. Ed.) c. 239, § 5, by the defendant in summary process for the possession of land would entitle the obligee in a proper case to recover from the obligor counsel fees for services in the summary process, no error appeared in a finding of fact by a judge in an action upon such a bond that the plaintiff was not entitled to counsel fees as an element of damage, where the case was heard upon what purported to be an "agreed statement of facts" which, as to the counsel fees, included only an agreement that the plaintiff's counsel and other qualified attorneys "would testify" that the services were worth a certain sum; such an agreement did not require a finding for the plaintiff as to counsel fees.

Upon a purported appeal under G. L. (Ter. Ed.) c. 231, § 96, as from an "order decisive of the case founded upon matter of law apparent on the record" in an action at law, neither requests for rulings by the appellant with an indorsement that the trial judge did not act thereon, nor statements of rulings of law and findings of fact incorporated in the same document as the order appealed from, although printed with the record, were part of the record to be considered before this court.

A statement by a judge hearing an action without a jury, "I find and rule" that certain expenses of the plaintiff were not an element of damage, was interpreted by this court as meaning that the judge ruled that the evidence warranted such a finding of fact and then made that finding.

CONTRACT.    Writ in the Superior Court dated March 9, 1943.

The case was heard by *O'Connell*, J., and in this court was submitted on briefs.

*H. E. Patnaude*, for the plaintiff.

*J. V. Constantine*, for the defendant.

FIELD, C.J.    This is an action of contract brought in the Superior Court upon a bond given by the defendant pursuant to G. L. (Ter. Ed.) c. 239, § 5 (relating to the giving of bond by a defendant appealing from a judgment of a District Court upon summary process for the possession of

land), by which action the plaintiff seeks to recover the rent due at the time of the surrender of possession of the tenement by the defendant, costs and other damages. Said § 5 provides that the bond thereby required shall be "conditioned to enter the action" and "to pay to the plaintiff, if final judgment is in his favor, all rent accrued at the date of the bond, all intervening rent, and all damage and loss which he may sustain by the withholding of possession of the land or tenements demanded and by any injury done thereto during such withholding, with all costs, until the delivery of possession thereof to him." The bond, copy of which is attached to the declaration, is so conditioned.

The case was heard by a judge sitting without a jury upon a so called "agreed statement of facts." Therein it "is agreed by the parties that the plaintiff is entitled to recover the sum of $150 which represents the amount of rent due the plaintiff as of the date of surrender of the premises by the defendant," and further agreed that the plaintiff is entitled to recover costs of suit as appear of record in the prior action of summary process. It is also agreed that the plaintiff's counsel would testify as therein set forth with respect to the extent of his services in the case, that he and other qualified attorneys "would testify that his services are fairly worth $150" (*sic*), and that plaintiff's counsel paid the sum of $10.35 for a transcript of the evidence. And it is agreed "that the sum so paid is a fair charge and may be recovered by the plaintiff if the same constitutes 'costs.'" It is further agreed in the "agreed statement of facts" that the "issue before the court is: Whether counsel fees of $150 can be recovered by the plaintiff in the action on the bond as an element of damage." The judge filed a document entitled "finding and order" in which he stated "I find and rule counsel fees is not an element of damage in the instant action," recited that in open court the defendant, through counsel, "stated his willingness to have included also the sum of $10.35 covering expense of transcript of evidence," found for the plaintiff in the sum of $160.35 and costs, and directed the clerk of courts to pay this amount to the plaintiff from the sum of

$300 deposited in court by the defendant, together with costs in the sum of $25.65, making a total of $186, and to pay to the defendant the sum of $114. The plaintiff appealed to this court.

The ordinary method of securing review by this court of actions at law tried in the Superior Court is by exceptions. There are, however, certain special classes of cases in which appeals lie. G. L. (Ter. Ed.) c. 231, § 96. A party can avail himself of the right of review by appeal instead of resorting to the ordinary method of review by exceptions only when his case falls within one or more of these limited classes. Said § 96 authorizes an appeal from (1) an "order . . . sustaining or overruling a demurrer" such as is therein described, (2) "an order for judgment upon a case stated," or (3) "any order decisive of the case founded upon matter of law apparent on the record." The appeal in the present case obviously is not an appeal of the first class. Nor is it an appeal of the second class. The so called "agreed statement of facts" did not constitute a "case stated." It is not an agreement "upon all the material ultimate facts on which the rights of the parties are to be determined by the law," except so far as such rights may depend upon inferences permissible under G. L. (Ter. Ed.) c. 231, § 126, originally enacted as St. 1913, c. 716, § 5, which constitutes a "case stated." *Frati* v. *Jannini*, 226 Mass. 430, 431. *Petros* v. *Superintendent of Buildings of Lynn*, 306 Mass. 368, 369. See *United States Fidelity & Guaranty Co.* v. *English Construction Co.* 303 Mass. 105, 108–109. The "agreed statement of facts" does not purport to be an agreement "upon all the material ultimate facts." It is an agreement as to some such facts, but as to other matters there is merely an "agreement of the parties as to the evidence which shall be considered by the court or jury." *Frati* v. *Jannini*, 226 Mass. 430, 431. No appeal, therefore, lies from the order in the present case unless such order was "decisive of the case founded upon matter of law apparent on the record" so as to bring the appeal within the third class of appeals described in G. L. (Ter. Ed.) c. 231, § 96.

There was an order "decisive of the case." Whether the finding for the plaintiff "in the sum of $160.35 and costs" or the order of the court directing the clerk "to pay, from the $300.00 deposited in court by the defendant, to the plaintiff, Pequod Realty Corporation, the sum of $160.35, and costs in the sum of $25.65, making a total of $186.00," and to pay to the defendant the remainder of $114 constituted the order "decisive of the case" need not be discussed.

If the order appealed from was founded solely upon the "agreed statement of facts," the appeal lies. Such an "agreed statement of facts," though, in part, only an agreement as to evidence to be considered by the court, is treated as a part of the record. But the only "matter of law apparent on the record" that can be considered on an appeal in a case of this kind is the question whether the order is warranted by the evidence. *Ingalls* v. *Hobbs*, 156 Mass. 348, 349. *Harmon* v. *Sweet*, 221 Mass. 587, 598. *Frati* v. *Jannini*, 226 Mass. 430, 432.

A comparison of the order with the "agreed statement of facts" suggests some doubt whether the case was heard solely upon the "agreed statement of facts," that is, whether the order was based solely upon matters apparent on the record. It is not wholly clear whether the "costs" referred to in the order are the costs in the earlier action or the costs in the present action. In neither event does the "agreed statement of facts" show the amount of such costs or evidence with respect thereto. But the plaintiff, the appealing party, makes no contention that the order is erroneous with respect to "costs," and without further discussion we assume in its favor that the appeal lies.

We assume that the finding for the plaintiff in the sum of $160.35 includes $150 rent and $10.35 stenographer's charges for a transcript of the evidence. And the judge found for the plaintiff in the matter of "costs" and ordered the amount of the finding and "costs" in the sum of $25.65 paid to the plaintiff. The sole contention of the plaintiff is that it is entitled to recover in addition to these amounts counsel fees of $150 for services in the earlier action. The judge found against this contention. We cannot say that

he was not warranted in so doing whatever may be the scope of the bond sued on. There is no agreement as to the extent or value of services of counsel in the earlier action. The agreement is only as to the evidence relating to this question of fact. None of this evidence was of such a nature that the judge was required to believe it.

Even if a bond given under G. L. (Ter. Ed.) c. 239, § 5, is broad enough to entitle an obligee, in a proper case, to recover counsel fees from the obligor — as we do not decide — the facts and evidence agreed upon in the present case did not as matter of law require the judge to find in the present case that the plaintiff was entitled to recover counsel fees in the amount of $150 or in any other amount. The order of the judge interpreted as ordering that the plaintiff was not entitled to recover counsel fees does not appear to have been founded upon the matter of law that the bond sued on was not broad enough to cover counsel fees. This order may have been founded upon the matter of law that the evidence warranted a finding as matter of fact that the plaintiff was not entitled to recover counsel fees from the defendant — that is, that the evidence did not require a finding that the plaintiff was so entitled. And, as already pointed out, the evidence did not require such a finding. Error as matter of law in the order appealed from is not shown.

The defendant's requests for rulings and the indorsement thereon to the effect that the judge did not act upon these requests, though included in the printed record, are not a part of the record on appeal. And statements of rulings of law or of findings of fact, though they are incorporated in the same document as the order appealed from and this document is included in the printed record, are not a part of the record on appeal. *Watts* v. *Watts*, 312 Mass. 442, 449–451, and cases cited. See also *Check* v. *Kaplan*, 280 Mass. 170, 174. Compare, as to the practice on appeals from decisions of the Land Court, *Sheehan Construction Co.* v. *Dudley*, 299 Mass. 48, 49; *McCarthy* v. *Lane*, 301 Mass. 125, 127–128.

But even if, contrary to established practice on appeals

from orders of the Superior Court, the document in the present case entitled "finding and order" were to be treated as a part of the record, the plaintiff, appellant, would not be aided thereby. The only statement therein in the nature of a finding or ruling, apart from the ultimate finding or order, is "I find and rule counsel fees is not an element of damage in the instant action." With respect to such a statement it was said in *Flesher* v. *Handler*, 303 Mass. 482, 483, that the "common formula 'find and rule,' though not well chosen, has been interpreted so as to require us to support the decision if warranted upon the evidence." Such a statement is to be interpreted as meaning that the judge ruled that the evidence warranted a finding that "counsel fees is not an element of damage in the instant action" and then made that finding. *Sylvester* v. *Shea*, 280 Mass. 508, 509–510. In so ruling and finding, for the reason already pointed out, there was no error of law.

This case, like many other cases in our reports, furnishes an illustration of the hazard of seeking review in an action at law by the method of appeal upon a limited record instead of by the ordinary method of exceptions in accordance with which matter not otherwise a part of the record may be incorporated therein by a bill of exceptions — as may also be done by a report of the trial judge.

*Order of Superior Court affirmed.*