MABEL B. HARRINGTON & others *vs.* ESTHER A. ANDERSON
& others.

Norfolk.    October 5, 1943. — May 4, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Equitable Restrictions.    Evidence,* Presumptions and burden of proof.
   *Land Court,* Stipulation, Appeal, Record, Requests and rulings.
   *Words,* "Record."

The benefit of purported restrictions in a deed of a single lot of land
   comprising all the land owned by the grantor in the neighborhood
   was personal to the grantor only and was not enforceable by a subse-
   quent owner of a parcel conveyed from such lot as against a subsequent
   owner of another parcel conveyed therefrom.
A restriction in a deed of a single parcel from a tract of land owned by
   the grantor was not shown to be for the benefit of the other parcels
   in the tract where no general scheme of development was disclosed
   and the grantor's deeds of the other parcels did not mention such re-
   striction nor create any similar restriction.
A landowner claiming the benefit of equitable restrictions upon other
   land as appurtenant to his land has the burden of proving an intent
   to benefit his land.
Parties to an appeal under G. L. (Ter. Ed.) c. 231, § 96; c. 185, § 15, from
   a decision by the Land Court have no power by a stipulation to make
   a part of the "record" anything legally outside of the "record" in the
   sense in which that word is used in said § 96.
Discussion by LUMMUS, J., of the meaning of the word "record" as used
   in § 96 of G. L. (Ter. Ed.) c. 231.
Requests by the parties for rulings at a hearing in the Land Court and
   action of the trial judge thereon are not part of the "record" on ap-
   peal to this court under G. L. (Ter. Ed.) c. 231, § 96; c. 185, § 15,
   from the decision of the Land Court on the merits, and are not to be
   considered by this court.
A refusal by a judge of the Land Court to grant a motion for a continu-
   ance of a hearing to permit the taking of a deposition of an absent
   witness is not open on an appeal under G. L. (Ter. Ed.) c. 231, § 96;
   c. 185, § 15, from a decision on the merits afterwards rendered.

PETITION, filed in the Land Court on February 14, 1942.

The case was heard by *Smith,* J.    From his decision the
respondents Esther A. Anderson, Louise Schaeffer and
Boston Realty Corporation appealed.

*J. I. Moskow,* for the respondents.

*W. Hartstone,* (*M. L. Brown* with him,) for the petitioners.

LUMMUS, J. This is a petition to the Land Court for the registration, free from any restrictions, of a parcel of land (hereinafter called the locus) at the southerly corner of Sewall Avenue and Longwood Avenue in Brookline, bounding northwesterly on Sewall Avenue about one hundred thirty feet and northerly on Longwood Avenue about ninety-five feet. There is a dwelling house on the locus, facing on Longwood Avenue. The petitioners derive title through the will of Almira F. Harrington, who was grantee in a deed from William H. Bittenbender in 1887, and died seised of the locus in 1905.

The several respondents own neighboring land which, with the locus, once formed part of a large tract owned by Nancy Stearns who died testate in 1883. Under her will, the locus and the lots east of it on Longwood Avenue, which, taking them in order from west to east, are now owned respectively by the respondent Joyce, one Donnelly (not a respondent), the respondent Anderson and the respondent Schaeffer, fell into the residue and were devised to four nephews and nieces, John G. Stearns, George M. Stearns, Lizzie S. Blecker and Emma L. Cassin. The land south of the locus, on Sewall Avenue, now owned by the respondent Boston Realty Corporation, was devised to a nephew, Joseph G. Stearns.

The residuary devisees, in 1886, conveyed the locus and the lots east of it, above described, to William H. Bittenbender, with the following "restrictions": "The above lot is sold subject to the restrictions that no building for manufacturing or mechanical purposes and no stable except for private use and no dwelling house costing less than $6000 shall be erected thereon."

On June 27, 1887, Bittenbender conveyed the locus to Almira F. Harrington, subject to the restrictions mentioned in the deed to him and to the further restrictions "that no building to be erected on said land shall be used for an apartment house or for an hotel or for business purposes or for any other purpose than that of a private dwelling house or private stable or buildings appurtenant to a private dwelling house and that any building to be erected on said land shall be set back at least 30 feet from Longwood Avenue

and at least 20 feet from Sewall Avenue." Bittenbender died May 6, 1906.

The judge ordered the title to the locus registered in the petitioners free from restrictions. Three respondents, Boston Realty Corporation, Esther A. Anderson and Louise Schaeffer, appealed to this court under G. L. (Ter. Ed.) c. 231, § 96. The respondent Joyce did not appeal.

1. The deed from the residuary legatees of Nancy Stearns to Bittenbender in 1886, in which was contained the first set of restrictions, passed to him all the land that the grantors owned in the neighborhood. The restrictions could not lawfully have been made appurtenant to the land now owned by the respondent Boston Realty Corporation, for that was then owned by one who in the view of the law was a stranger. *Hazen* v. *Mathews*, 184 Mass. 388. *Snow* v. *Van Dam*, 291 Mass. 477, 484. For the same reason, the benefit of the restrictions could not have been attached to other neighboring land. Doubtless the restrictions could have been created for the benefit of the parts of the same land conveyed that are now owned by the respondents Anderson and Schaeffer. *Ward* v. *Prudential Ins. Co.* 299 Mass. 559. But an intention on the part of a grantor to impose restrictions on every part of the land conveyed for the benefit of every other part would be unusual. *Jewell* v. *Lee*, 14 Allen, 145. *Dana* v. *Wentworth*, 111 Mass. 291. And a grantee would usually prefer to take a clear title, and to impose any restrictions himself upon a division. The normal purpose of a restriction is to benefit the grantor, or his retained land, or land included in a general scheme, and not parts of the very land conveyed after a possible division of it by the grantee. Nothing in the deed shows an intention to impose restrictions upon the land conveyed for the benefit of that land itself. The deed spoke of the land as one "lot," and showed no intention to divide it. A plan referred to in the deed and recorded contemporaneously shows the land as a unit. There was of course no general scheme of restrictions, from which an intention to benefit other land included in the scheme could be inferred. *Snow* v. *Van Dam*, 291 Mass. 477, 481–484. A landowner who claims as appurtenant to his land the

benefit of a restriction, must prove an intent to benefit his land, for doubts are resolved in favor of the freedom of land from servitude. *Skinner* v. *Shepard*, 130 Mass. 180. *Snow* v. *Van Dam*, 291 Mass. 477, 480. *St. Botolph Club, Inc.* v. *Brookline Trust Co.* 292 Mass. 430, 433. *Lovell* v. *Columbian National Life Ins. Co.* 294 Mass. 473, 477. In this case the grantors may have sought to benefit the neighborhood generally. At any rate, the benefit of the restriction is not shown to have been other than personal to the grantors, and they are not shown to be still living. The respondents show no right to it.

The second set of restrictions, contained in the deed of the locus from Bittenbender to Almira F. Harrington in 1887, was created at the time when Bittenbender sold the locus, retaining the adjoining land to the east, part of which is now owned by the respondents Anderson and Schaeffer. The respondent Boston Realty Corporation could not gain the benefit of those restrictions, either, for the reason already given. The respondents Anderson and Schaeffer had the burden of proving that the intent was to benefit their lots, rather than to create a right in Bittenbender personally. No general scheme appears. The remaining land of Bittenbender was not restricted. *Sprague* v. *Kimball*, 213 Mass. 380. *Snow* v. *Van Dam*, 291 Mass. 477, 480. In subsequent deeds of the land that he retained, he did not mention this second set of restrictions, and did not create similar ones. This second set of restrictions appears to have created only a personal right in Bittenbender, and he is now dead. The decision of the judge was right on the facts therein stated.

2. In considering the point just decided, we assumed in favor of the respondents that the examiner's report, and certain plans and deeds, referred to in the decision as facts, are part of the "record" under the anomalous practice in Land Court cases hereinafter stated. *Humphrey* v. *Walker*, 314 Mass. 552, 553. But the parties had no power by their stipulation to make part of the "record" anything legally outside the "record" in the sense in which that word is used in G. L. (Ter. Ed.) c. 231, § 96. See *Goodwin* v. *Walton*,

298 Mass. 451, 452; *Gordon* v. *Guernsey, ante,* 106; *Metropolitan Railroad* v. *District of Columbia,* 195 U. S. 322, 332.

3. The respondents presented, and the judge acted upon, numerous requests for rulings of law. They contend that the judge erred in his action upon them.

The case comes here on an appeal under G. L. (Ter. Ed.) c. 231, § 96, which is made applicable to Land Court cases by c. 185, § 15. *Boston* v. *Lynch,* 304 Mass. 272, 273. Under the only applicable clause of § 96, an appeal on the law side of the court brings to this court nothing but the correctness in point of law of an "order decisive of the case" which is "founded upon matter of law apparent on the record." If an order is not founded exclusively upon matter of law, but depends in part upon the decision of a question of fact or discretion, appeal is of no avail. And matter of law, to be reached by appeal, must be apparent on the "record" without extrinsic aid.

The word "record" in § 96 does not mean a stenographic transcript of evidence and proceedings at a trial (*Hicks* v. *Graves,* 194 Mass. 589; *De Propper, petitioner,* 236 Mass. 500, 501; *State* v. *Howard,* 117 Maine, 69, 71), nor the printed papers, often spoken of as the "record," upon which the case may subsequently come to this court, though such papers may sometimes prove to be identical with the "record" mentioned in § 96. G. L. (Ter. Ed.) c. 231, § 135, as amended by St. 1941, c. 187. The word "record" in § 96 refers to something already existing when the appeal is taken. *Matter of Loeb,* 315 Mass. 191, 194. The changes in the composition of the "record," and in the requirement of "extending" it or recording it at length, made by General Rule as to Records (1926), 252 Mass. 612, under the authority of G. L. c. 221, § 27 (St. 1917, c. 206), have not been made applicable to the Land Court, although they could be under St. 1939, c. 157, § 2.

A document not properly part of the "record" does not become part of it, so as to be considered on appeal, by being included in what is sometimes called the record on appeal, and thus brought before our eyes. *Warner* v. *Collins,* 135 Mass. 26, 27. *Davis* v. *Gay,* 141 Mass. 531, 534. *New*

*York Life Ins. Co.* v. *Macomber,* 169 Mass. 580, 581. *Cutter* v. *Cooper,* 234 Mass. 307, 319. *Norton* v. *Musterole Co. Inc.* 235 Mass. 587, 589. *Watts* v. *Watts,* 312 Mass. 442, 450. *Pequod Realty Corp.* v. *Jeffries,* 314 Mass. 713, 717. *Weiss* v. *Balaban,* 315 Mass. 390, 392. *Gordon* v. *Guernsey, ante,* 106. *United States* v. *Taylor,* 147 U. S. 695, 698. See also *Johnson* v. *Johnson,* 303 Mass. 204, 206. Wigmore, Evidence, (3d ed. 1940) § 2450.

Neither an instruction to a jury,[1] nor equivalent action upon requests for rulings,[2] forms any part of the "record." Neither does a finding of fact in an action at law.[3]

The rule that facts found do not become part of the record in an action at law unless incorporated in a bill of exceptions, a report, a case stated or agreed facts (*Norton* v. *Musterole Co. Inc.* 235 Mass. 587, 590), is subject to an anomalous but established exception in Land Court cases. Findings of fact in such cases, contained in a "decision" apparently stating the basis for the ultimate order or determination, are deemed part of the "record," and consequently can be considered on appeal under G. L. (Ter. Ed.) c. 231, § 96. *Sheehan Construction Co.* v. *Dudley,* 299 Mass. 48; *S. C.* 299 Mass. 51, 54. *McCarthy* v. *Lane,* 301 Mass. 125, 127. *Boston* v. *Lynch,* 304 Mass. 272, 274. *Lenox* v. *Oglesby,* 311 Mass. 269, 270. *Holcombe* v. *Hopkins,* 314 Mass. 113, 116. *Humphrey* v. *Walker,* 314 Mass. 552. On the question that ordinarily arises upon such a "decision," whether the ultimate order or determination is correct in law upon the facts stated, requests for rulings have no utility or standing, for the question is fully open on appeal without them. *Howland* v. *Stowe,* 290 Mass. 142. *D'Olimpio* v. *Jancaterino,* 304 Mass. 200, 202. *Old Mill Point Club, Inc.* v. *Paine,* 308 Mass. 505, 506. *Redden* v. *Ramsey,* 309 Mass. 225, 227.

---

[1] *Metropolitan Railroad* v. *District of Columbia,* 195 U. S. 322, 330, et seq. *Bailey* v. *United States,* 74 Fed. (2d) 451, 452. *Paradise* v. *Great Eastern Stages, Inc.* 114 N. J. L. 365, 368.

[2] *Given* v. *Johnson,* 213 Mass. 251. *Everett-Morgan Co.* v. *Boyajian Pharmacy,* 244 Mass. 460, 461. *Hough* v. *Contributory Retirement Appeal Board,* 309 Mass. 534, 541. *Pequod Realty Corp.* v. *Jeffries,* 314 Mass. 713, 717.

[3] *Regal* v. *Lyon,* 212 Mass. 230. *Norton* v. *Musterole Co. Inc.* 235 Mass. 587, 589. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 135. *Everett-Morgan Co.* v. *Boyajian Pharmacy,* 244 Mass. 460, 461. *Sheehan Construction Co.* v. *Dudley,* 299 Mass. 48, 51. *Matter of Loeb,* 315 Mass. 191, 193, 194, and cases cited.

That anomalous exception applies to facts stated in a "decision," and to nothing else. It is not to be extended. In *Sheehan Construction Co.* v. *Dudley*, 299 Mass. 48, 51, it was held not to apply to questions of the admissibility of evidence though set forth in the "decision." Whether it applies to requests for rulings and action thereon, hitherto has been left open. *Olson* v. *Carpenter*, 296 Mass. 120, 125. *McCarthy* v. *Lane*, 301 Mass. 125, 127, 128. *Pequod Realty Corp.* v. *Jeffries*, 314 Mass. 713, 717. If this case had come from any other court, in which the record remained subject to the common law, plainly the requests and the action on them would not have been part of the record. We think that the same rule in this respect applies to a case coming from the Land Court. The judge in this case had no power to "endow" the requests for rulings "with so much standing as may be necessary to make the same a part of the record," as he attempted to do.[1] Without suggesting that the requested rulings have not been fully covered by what we have said on the merits of the case, we must decline to consider them on this appeal. Counsel who choose a restricted remedy like appeal under § 96, may not expect to find it the equivalent of the broader remedy of exceptions. *Pequod Realty Corp.* v. *Jeffries*, 314 Mass. 713, 718.

Even more clearly the refusal of the judge to continue the trial for the taking of the deposition of an absent witness concerning an alleged right of way over the locus, was neither an order "decisive of the case" nor one "founded upon matter of law apparent on the record." It is not open on this appeal. *Lawrence* v. *Old Silver Beach, Inc.* 303 Mass. 377, 378. *Old Mill Point Club, Inc.* v. *Paine*, 308 Mass. 505, 506.

*Decision affirmed.*

---

[1] The above quotation is from a paragraph of the decision of the Land Court reading as follows: "Counsel made some requests for rulings. I endow all these with so much standing as may be necessary to make the same a part of the record indicated in *McCarthy* v. *Lane*, 301 Mass. 125. In a petition to register title in the Land Court requests for rulings are of no value. A good decision cannot be destroyed by a bad ruling nor a bad decision saved by a good ruling. Nevertheless as a carry-over from other forms of practice in the Superior Court counsel continue to file them." — REPORTER.