## RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

JOHANNA E. FRÈEMAN *vs.* PERCY N. FREEMAN & another. June 29, 1946. Decree affirmed. This is a petition for modification of a decree, entered in divorce proceedings, in so far as it was ordered therein that the custody of the minor child of the parties thereto be awarded to her paternal aunt Jane Kurn. The petitioner is the adoptive mother of said child, and the respondents are her natural as well as adoptive father and Mrs. Kurn. The judge entered a decree modifying the decree above referred to by ordering that the petitioner have the custody of the child. Appropriate orders for her support and fixing times at which her father may have her companionship are contained in the decree of modification. The respondents appealed. The evidence is reported, and the judge made an extensive report of material facts found by him. The wisdom of changing the order for custody was one peculiarly within the province of the judge, who saw the witnesses, of whom the child was one. *Crandell* v. *Short*, 317 Mass. 605, 608. We have examined the evidence in accordance with our duty under the familiar rule (see *MacLennan* v. *MacLennan*, 316 Mass. 593, 595) and are of opinion that it supports the findings and the decision of the judge.

*D. J. Cohen*, (*E. J. Flavin* with him,) for the respondents.
*R. F. Barrett*, (*C. D. Brown* with him,) for the petitioner.

MARGARET T. TWOMEY, executrix, *vs.* CITY OF WORCESTER. November 2, 1946. Appeals dismissed. The petitioner appeals or attempts to appeal from an order of a judge of the Superior Court dismissing her substitute petition "for Bill of Review." Inasmuch as it appears by a fair interpretation of the petition itself that the original proceeding of which review is sought was an action at law, and as a bill of review is available only to review suits in equity, we incline to construe the petition liberally as intended to seek a writ of review under G. L. (Ter. Ed.) c. 250, § 22. Even so, the case is not properly here, since the order of the Superior Court does not fall within any of the classes of orders which by virtue of G. L. (Ter. Ed.) c. 231, § 96, are appealable in proceedings at law. There is nothing to show that the order dismissing the petition was "founded upon matter of law apparent on the record." *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 135. *Sheehan Construction Co.* v. *Dudley*, 299 Mass. 48, 49. So far as appears the order may have been founded upon disbelief of facts relied upon by the petitioner, or it may have been entered as matter of discretion. *Browne* v. *Fairhall*, 218 Mass. 495, 497. *Harrington* v. *Anderson*, 316 Mass. 187, 191. We may add that at best the petition alleged only errors of fact or law in the trial of the original action as to which the proper remedy, if any, would have been by exceptions, or possibly by motion for new trial. If all the allegations were accepted as true they would disclose no occasion to resort to the peculiar remedy of a writ of review. *Stillman* v. *Donovan*, 170 Mass. 360. *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 268 Mass. 424. Another appeal from an order revoking the designation of a stenographer to take the evidence on the petition for review is also improperly here, since the order appealed from was not "decisive of the case." G. L. (Ter. Ed.) c. 231, § 96.

*M. T. Twomey, pro se.*
*A. M. Hillman*, for the respondent.