RICHARD R. LAPAN *vs.* KENNETH D. CHILDS.

Hampshire.    September 17, 1953. — October 28, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Practice, Civil,* Appeal, Record.

Dismissal by a judge of the Superior Court of an appeal to it by the defendant in an action of summary process from a judgment of a District Court for the plaintiff for possession was not an order "decisive of the case founded upon matter of law apparent on the record," and an appeal to this court from the dismissal did not lie under G. L. (Ter. Ed.) c. 231, § 96, where there was no surety on the bond given by the defendant under c. 239, § 5, as appearing in St. 1946, c. 175, § 1; on the appeal from the District Court and findings of fact were necessary to show whether or not the bond was "secured by cash or its equivalent": such findings were not part of the record on the appeal to this court.

SUMMARY PROCESS. Writ in the District Court of Hampshire dated June 27, 1952.

Following a finding for the plaintiff for possession, the defendant appealed to the Superior Court. A motion to dismiss such appeal was heard by *Swift*, J.

*Samuel L. Reisner*, (*Ralph H. Taylor* with him,) for the defendant.

*Luke F. Ryan*, for the plaintiff.

LUMMUS, J. This is an action of summary process for the possession of a building in Northampton, under G. L. (Ter. Ed.) c. 239, begun in a District Court. That court found for the plaintiff, and the defendant appealed to the Superior Court.

By G. L. (Ter. Ed.) c. 239, § 5, as appearing in St. 1946, c. 175, § 1, the appeal bond given by a defendant in such an action must be with sufficient surety or "secured by cash or its equivalent deposited with the clerk, in a reasonable amount to be fixed by the plaintiff or court." In the present case there was no surety on the appeal bond, but there was deposited with the clerk a bank book in the savings department of The First National Bank of Northampton, standing in the name of "Kenneth D. or Jeannette G. Childs," who were husband and wife, together with an order for $500 on the account, signed by Kenneth D. Childs but not by Jeannette G. Childs.

In the Superior Court the plaintiff moved to dismiss the appeal "upon the ground that the defendant's appeal has not been legally taken and that therefore the Superior Court has no jurisdiction." A judge of the Superior Court allowed the motion to dismiss the appeal, and from that action the defendant appealed to this court. No exception appears to have been taken.

Appeals from the Superior Court to this court in actions at law are governed by G. L. (Ter. Ed.) c. 231, § 96. The only part of that section that might be thought to permit the appeal in this case is the provision for appeal from an order "decisive of the case founded upon matter of law apparent on the record." Unless the present case falls within

that provision, appeal will not lie. *Styrnbrough* v. *Cambridge Savings Bank*, 299 Mass. 22. *Watts* v. *Watts*, 312 Mass. 442, 449. The word "record" in that section does not include everything that may have come to this court. *Harrington* v. *Anderson*, 316 Mass. 187, 191.

It may be that the bond given on appeal from the District Court became part of the record. But the face of the bond does not disclose whether the bond was "secured by cash or its equivalent." Whether it was or not depended upon evidence upon which a finding had to be made. Findings of fact are not part of the record. *Harrington* v. *Anderson*, 316 Mass. 187, 192. The dismissal of the appeal is not shown to have been an order "decisive of the case founded upon matter of law apparent on the record."

*Appeal dismissed.*