MICHAEL RINDO, trustee, *vs.* ALBERT BOURASSA & another (and two companion cases[1]).  April 21, 1958.  Decision affirmed.  These three petitions for the registration of title to land in Tewksbury were tried together.  In each the

---

[1] The companion cases are by Woodvale Homes, Inc., and Pinehaven Homes, Inc., against the same defendants.

land was described by metes and bounds with specific reference to lot numbers as shown on a plan of Dana F. Perkins & Sons, Inc., surveyors, dated July 14, 1956. The petition of Michael Rindo, trustee, as amended, related to lots 1 and 2, that of Woodvale Homes, Inc., to lot 3, and that of Pinehaven Homes, Inc., to lots 4 to 9 inclusive. The respondents filed an answer in each case objecting to the registration "because a portion of the land claimed by the petitioner belongs to your respondents." The judge found on "all the evidence," which is not reported, that the land described in the respondents' deed, on which their record title depends, "does not include any of the land described in the three petitions" and that their acts as to a portion of lots 1 and 2 did not "establish a continuous, adverse, uninterrupted use . . . for twenty years." He ruled that each petitioner is entitled to a decree of registration subject to matters described in the examiner's reports which are not in issue. The respondents appealed. The decision of the judge was a final determination of the issues (*Sheehan Construction Co.* v. *Dudley*, 299 Mass. 48) from which an appeal lies. G. L. (Ter. Ed.) c. 185, § 15. *Harrington* v. *Anderson*, 316 Mass. 187. His findings on unreported evidence were final (*Vye* v. *Medford*, 266 Mass. 208) and were not inconsistent with his general conclusion. *McCarthy* v. *Lane*, 301 Mass. 125, 127. There was no error. In each case the decision is affirmed.

*Bertha Bourassa*, pro se.

*Joseph R. Corish*, for the petitioners.