JOHN L. MARSHALL & another *vs.* JOSEPH P. FRANCIS & another.

Barnstable. May 14, 1951. — September 14, 1951.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Land Court*, Appeal, Findings by judge, Examiner, Registration proceeding.

A decision by the Land Court based on "all the evidence" in a registration proceeding must stand on appeal unless error of law appeared from an examination of the decision itself, including the examiner's report and certain exhibits incorporated in the decision by reference and sent up with the printed record; neither the evidence as a whole nor the substance thereof was before this court.

On appeal from a decision of the Land Court in a registration proceeding, a finding by the judge that a certain tract of land, the boundaries of which were described in deeds by references to natural monuments, did not include a parcel in dispute, was not inconsistent with the descriptions in the deeds and must stand.

The record on appeal from a decision of the Land Court in favor of a petitioner for registration of land failed to disclose that the respondent was harmed by the fact that the examiner based his report of the title upon an abstract prepared by a preceding examiner who had acted as counsel for that petitioner in a companion case.

PETITION, filed in the Land Court on October 4, 1949.

The case was heard by *Cotton*, J.

*R. H. Lee & J. W. Mead*, for the respondents.

*H. F. Smith*, for the petitioners, submitted a brief.

SPALDING, J. In response to a petition under G. L. (Ter. Ed.) c. 240, § 1, by Joseph P. and Arthur P. Francis, hereinafter called the respondents, the petitioners John L. and Mary M. Marshall, claiming as tenants by the entirety in

fee simple, have brought the present petition for registration of nine parcels (A to I, inclusive) of land in Truro. The controversy here relates only to parcel "F," the respondents contending that the title to this parcel was in them. Finding that the title to this property was in the petitioners, the judge of the Land Court ordered that it be registered accordingly. From this decision the respondents appealed. G. L. (Ter. Ed.) c. 185, § 15; c. 231, § 96, § 142 as amended. The decision incorporates by reference the examiner's report and numerous exhibits, which we treat as part of the record. *Humphrey* v. *Walker*, 314 Mass. 552, 553. Since the case comes here by appeal and not by bill of exceptions, neither the evidence as a whole nor the substance of it is before us, and the decision, which purports to rest on "all the evidence," must stand unless error appears from an examination of the decision itself. *Bacon* v. *Kenneson*, 290 Mass. 14, 15. *McCarthy* v. *Lane*, 301 Mass. 125, 127. *Humphrey* v. *Walker*, 314 Mass. 552, 553.

There was no error.

Nothing would be gained by setting forth in detail the facts found by the trial judge. The respondents' claim rests on two propositions: namely, (1) that parcel "F" lies within the area referred to by the judge as "X," and (2) that the respondents have good title to "X." In none of the various deeds purporting to convey title to "X" is there any material discrepancy as to the descriptions of its boundaries, and the respondents do not suggest any inaccuracy in this respect. A basic question in the case was where "X" should be located on the ground, and that in turn depended on what was meant by the references in the deeds to such monuments as the "Great Hill," the "eel creek in the meadow," and "in the range between the first and second Great Lots." The judge viewed the locus, and his finding that "X" does not include "F" is not inconsistent with the descriptions in the deeds, and cannot be disturbed. Whether, as the judge also found, the respondents failed to establish title to "X" need not concern us, for even if they owned it they would still not have title to the disputed parcel, "F."

It appears that the examiner first appointed by the court to examine the title represented the petitioners herein in a companion case and the respondents objected to his acting as examiner. Another examiner was appointed and he based his report on the abstract prepared by the first examiner. The respondents urge that the report was "poisoned at its source" because it was based on an abstract made by an attorney representing an adverse interest. Doubtless it is contrary to the spirit of G. L. (Ter. Ed.) c. 185 and the letter of Rule 3[1] of the Land Court for examiners to report on titles in cases in which they are acting as counsel for any party. The second examiner stated in his report that the petitioners had a good title to all nine parcels including "F." Although it appeared that the second examiner made use of the material prepared by the first examiner, the report does not clearly indicate, and it is not to be assumed, that he did not exercise his own independent judgment in making his report. Moreover, the respondents have failed to show that the report of the second examiner was erroneous. They complain that the abstract included in the report omits reference to certain deeds; but these deeds which were in evidence and are before us had no legitimate bearing on the issues here involved and were rightly omitted from the abstract. If there was any error in the report in omitting reference to these deeds it was cured by the introduction of them in evidence at the hearing before the judge. It does not appear that the respondents were denied the right to impeach the report. In short, the respondents have failed to show that they were in any way harmed by the fact that the second examiner utilized the abstract of the original examiner.

The respondents next urge a failure to join certain necessary parties, namely, the contingent remaindermen under

---

[1] Rule 3 reads: "Any examiner of titles appointed under said chapter may examine titles assigned to him in any county. He may appear and act as counsel for any petitioner for the registration of any title not referred to him for examination; but as to titles so referred to him he shall not act as counsel for any party.

"No attorney for any petitioner shall appear or act for or in behalf of any respondent or adverse claimant."

the will of Mary V. Marshall who were disclosed by the examiner's report to be "adjoining owners and occupants" within the meaning of G. L. (Ter. Ed.) c. 185, § 28, and that this failure goes to the jurisdiction of the court. They also contend that a guardian ad litem should have been appointed to represent certain unborn and unascertained persons. The judge's findings are silent on these matters, and the printed record contains only the original petition, presumably filed before the original order of reference to the examiner, and the answer of the respondents Joseph P. and Arthur P. Francis. We are not called upon to decide whether these respondents have standing to raise these points, for there is nothing on the face of the record to show that the contingent remaindermen, if there are any such yet in existence, were not named in the citation, or that they did not intervene, or that a guardian ad litem was not appointed for such as might yet be unborn. We are not to be understood as intimating that the Land Court loses jurisdiction for lack of joinder of one who might otherwise be a necessary party. See G. L. (Ter. Ed.) c. 185, §§ 1, 45, 101; *Tyler* v. *Judges of the Court of Registration*, 175 Mass. 71; *Ryan* v. *Cashman, ante,* 677. In the view we take of the case we do not reach that question.

The respondents also claimed title to parcel "F" by adverse possession. The judge's ultimate finding, which was against the respondents on this issue and is not inconsistent with any of the specific facts found by him, must stand.

We have considered all of the contentions argued by the respondents and have dealt with such of them as require discussion.

*Decision affirmed.*