PIONEER INSULATION & MODERNIZING CORP. *vs.* CITY OF LYNN & others.

Suffolk.    April 7, 1954. — July 6, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Res Judicata. Zoning. Abandonment. Words,* "Discontinued."

In a suit in equity in the Superior Court by way of appeal from a decision of the board of appeals of a city granting a landowner the right to use and occupy his land for a use not conforming to the zoning ordinance, a finding by the judge that the nonconforming use had been discontinued did not render the matter of discontinuance res judicata as

against the landowner in a subsequent proceeding in the Land Court by him against the city to determine the validity of a provision of the ordinance respecting discontinuance of nonconforming uses where it appeared that he had not been a party or a privy to the equity suit and had exercised no control over its conduct, although he had assisted the board of appeals in its defence and had attended the trial thereof. [563–564]

A discontinuance of a nonconforming use within the meaning of a provision of a zoning ordinance or by-law forbidding the reëstablishment of such a use after it has been discontinued for a specified period results from concurrence of an intent to abandon and voluntary conduct, whether affirmative or negative, which carries the implication of abandonment. [564–565]

PETITION, filed in the Land Court on August 29, 1952.

The case was heard by *McPartlin, J.*

*Israel Bloch,* for the petitioner.

*Patrick F. Shanahan,* City Solicitor, for the respondent city of Lynn.

SPALDING, J. This is a petition in the Land Court under G. L. (Ter. Ed.) c. 240, § 14A, and c. 185, § 1 (j ½), both inserted by St. 1934, c. 263, by the holder of a freehold estate in possession in the respondent city of Lynn to determine the validity of a certain provision of the city's zoning ordinance in so far as it applies to the petitioner's property. The judge in his decision ruled that the challenged provision was valid, and the petitioner appealed.

The petitioner owns a parcel of land on the southwest corner of the intersection of Ford and Locust streets in Lynn. The property, on which there are two buildings, is in a general residence district. On June 10, 1926, when the zoning ordinance became effective, these buildings were used for business and light industrial purposes and thereafter they continued to be used as such as nonconforming uses. The petitioner acquired the property on December 21, 1951.

The provisions of the city's zoning ordinance which are pertinent here are as follows: "Section 15. . . . (a) Any building or part of building or any land which at the time of the adoption of this ordinance is being put to a non-

conforming use may continue to be used for the same non-conforming purpose. . . . (c) When a non-conforming use has been discontinued for a period of one year it shall not be re-established and future use shall be in conformity with this ordinance."

In a prior suit brought under G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, and as amended, in the Superior Court between certain persons residing near the locus, as plaintiffs, and the board of appeals of the city, as defendant, to determine the propriety of a decision of the board of appeals in granting to the present petitioner the right to use and occupy the property in question for nonconforming uses, the judge ruled that the property in question had lost its status for nonconforming uses because there had been a discontinuance of such uses for a period in excess of a year. The judge's findings and rulings in that case were introduced as an exhibit in the present case and were incorporated by reference by the judge of the Land Court in his decision. See *Marshall* v. *Francis*, 327 Mass. 702, 703. Touching the question of discontinuance the judge in the equity case found and ruled as follows: "I find further that from August, 1938, until December, 1939, the premises were vacant and were not used and occupied for any purpose; and rule that in accordance with the provisions of § 15 (c) . . . [of the city's zoning ordinance] use thereafter should have been made only in conformity with the provisions of the ordinance relating to general residence districts."

The present petition is brought to determine whether § 15 (c) "inherently or as construed and applied in the instant case violate[s] petitioner's property rights." The petitioner contends that on the findings made by the judge of the Land Court the nonconforming uses were never "discontinued" within the meaning of § 15 (c) of the zoning ordinance. And it argues that if these findings can support a conclusion that such uses were "discontinued" then the ordinance violates both the Fourteenth Amendment to the Federal Constitution and arts. 1 and 10 of the

Declaration of Rights of the Massachusetts Constitution. It is further argued that this section is in excess of the authority conferred by G. L. (Ter. Ed.) c. 40, § 25, as amended.

The findings of the judge below touching the question of discontinuance were those of the judge in the equity case. No additional findings were made. He ruled that the decision and findings in the equity case on the question of discontinuance were binding as res judicata in the present case. As a basis for this ruling the judge found these facts. "The petitioner, through its president and its attorney, attended the . . . [hearing in the equity suit], conferred with the city solicitor who represented the board of appeals and assisted him at the trial by producing witnesses and discussing evidence to be presented, but declined to become a party to the action. The attorney for the petitioner (not its present attorney) at that hearing sought permission to intervene in the case following the finding of the court, but was not allowed to intervene."

We are of opinion that on these facts the judge erred in ruling that the findings and rulings in the equity case on the matter of discontinuance were res judicata here. The petitioner was neither a party nor a privy. And the fact that its counsel attended the hearing and conferred with counsel for the defendant did not make anything there decided binding upon it. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 216–217. *Rumford Chemical Works* v. *Hygienic Chemical Co. of New Jersey,* 215 U. S. 156. *Bigelow* v. *Old Dominion Copper Mining & Smelting Co.* 225 U. S. 111, 126. *Fish* v. *Vanderlip,* 218 N. Y. 29. Restatement: Judgments, § 84. It is true that in certain circumstances a person who is not a party may be bound by the adjudication of litigated matters as if he were a party. But he must, individually or in coöperation with others, control the action and have a financial or proprietary interest in it. Restatement: Judgments, § 84. Thus in *Weld* v. *Clarke,* 209 Mass. 9, relied on by the judge below, one not a party to prior litigation was held to be bound by its re-

sult in a subsequent proceeding. But he not only was beneficially interested in the subject matter of the earlier suits but caused them to be brought in part for his benefit. And, as the court observed, he had "full opportunity to control the proceedings, to examine witnesses, and to take and prosecute an appeal from the decrees of the trial court to this court. While not having been joined as a party to the proceedings, yet he acted . . . as the real party in interest and as manager of the suits" (page 12). The present case does not fall within this principle because on the facts found by the judge the petitioner, although assisting in the defence of the equity suit, did not exercise any control over its conduct. It ought not, therefore, to be bound by anything adjudicated in that suit because it has not had its day in court. Restatement: Judgments, § 84, comment e.

Before deciding whether the challenged provision of the zoning ordinance is valid there ought to be a determination of the facts touching the question of loss of the use by discontinuance at a hearing in which the petitioner has had an opportunity to be heard. If at such a hearing it should be established that there has been no discontinuance of the use within the meaning of § 15 (c), then the question of the validity of the ordinance would become academic. But at all events the petitioner ought to have its day in court with respect to the basic issue in the case.

Without passing on the validity of § 15 (c) it might not be inappropriate to point out some of the factors to be considered in determining whether a nonconforming use has been discontinued. While the loss of a nonconforming use by abandonment has been discussed by us briefly in two decisions (*Paul* v. *Selectmen of Scituate*, 301 Mass. 365, 370; *Wayland* v. *Lee*, 325 Mass. 637, 642), we know of no case in which we have had occasion to deal with the loss of such a use by discontinuance under a provision similar to that here involved. This question, however, has arisen elsewhere. *Ullman* v. *Payne*, 127 Conn. 239, 241. *Wood* v. *District of Columbia*, 39 Atl. (2d) 67. *Douglas* v. *Melrose Park*, 389 Ill. 98, 101–102. *Navin* v. *Early*, 56 N. Y. Sup.

(2d) 346. *Haller Baking Company's Appeal,* 295 Pa. 257, 262–263. *King County* v. *High,* 36 Wash. (2d) 580, 582. *State* v. *Manders,* 206 Wis. 121, 123–124. Construing similar provisions in zoning ordinances, courts have generally held that the word "discontinued" is the equivalent of abandoned. Hence it uniformly has been stated — and rightly we think — that the discontinuance of a nonconforming use results from the concurrence of two factors, (1) the intent to abandon and (2) voluntary conduct, whether affirmative or negative, which carries the implication of abandonment. Thus nonoccupancy of the premises and suspension or cessation of business due to causes over which the owner has no control do not of themselves constitute a discontinuance; and lapse of time is not the controlling factor, although it is evidential, especially in connection with facts showing an intent to discontinue the use.

The decision is reversed and the case is to be reheard in conformity with the principles herein set forth.

*So ordered.*