HAROLD K. DOBBS & another *vs.* BOARD OF APPEALS OF NORTHAMPTON & others.

Hampshire. September 24, 1959. — November 5, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Zoning. Abandonment.*

Respecting premises located in a residential zoning district of a city and used for many years as a store and later by a lessee for sale and storage of equipment, evidence that after the lessee vacated the premises they remained vacant until the owner secured a prospective new tenant for business about two years and nine months later, during which period the owner made some efforts to rent the premises for business through an agent, advertising, and signs and made no effort to convert them to residential use, did not support a finding that the nonconforming business use of the premises had been "discontinued" within a provision of the city's zoning ordinance prohibiting reëstablishment of a nonconforming use "discontinued" for two years. [686–687]

A proposed use of premises in a residential zoning district of a city for a beauty shop could not properly be found to be "not . . . substantially different in character" from previous nonconforming uses of the premises for a grocery store and for sale and storage of equipment within a provision of the city's zoning ordinance allowing any nonconforming use to be changed to another nonconforming use on permit from the board of appeals, "such new use . . . not to be substantially different in character or more detrimental or objectionable to the neighborhood," and a decision by the board of appeals granting a permit for the beauty shop must be annulled even if the beauty shop would not be "more detrimental or objectionable." [687–688]

BILL IN EQUITY, filed in the Superior Court on April 9, 1958.

The suit was heard by *O'Brien*, J.

The case was argued in September, 1959, before *Wilkins*, C.J., *Williams, Counihan, Whittemore,* & *Cutter*, JJ., and afterwards was submitted on briefs to all the Justices.

*William H. Welch*, for the defendants Evelyn Elinsky and another.

*Salvatore A. Polito*, for the plaintiffs.

WHITTEMORE, J. This is an appeal from a decree of the Superior Court which annulled a decision of the zoning ordinance board of appeals of Northampton. See G. L. c. 40A, § 21. The decision of the board of appeals in March, 1958, granted the application of Evelyn and Caroline F. Elinsky, the appellants, owners of property at 95 Massasoit Street, in a residence B district, for a permit to use the premises for a beauty shop. The ground of the decision was that the proposed use was "a less objectionable non-conforming use within the provisions of" § 16 of the ordinance which provides in clause (c): "Any non-conforming use may be changed to another non-conforming use or any non-conforming building may be rebuilt or repaired on permit from the board of appeals, such new use or reconstructed building not to be substantially different in character or more detrimental or objectionable to the neighborhood." The appellees, the plaintiffs, are the owners of adjoining premises.

The judge, in a "Report of material facts and order for decree," found that a nonconforming use of the premises had been made until March 15, 1954, "when the nonconforming use was discontinued"; that that use "had been voluntarily discontinued by the owners of the real estate for a continuous period of four years prior to the board's decision"; and that the ordinance, in effect for at least four years prior to 1958, provided (§ 16 [e]), "When any non-conforming use has been discontinued for a period of two (2) years it shall not be re-established, and future use shall be in conformity with this ordinance."

The relevant evidence, including the ordinances, has been designated. G. L. c. 214, § 24. Rule 2 (B), (C), of the Rules

for the Regulation of Practice before the Full Court (1952), 328 Mass. 693–694. There appears no dispute as to the facts: The zoning ordinance was adopted February 17, 1949. The premises had been used as a grocery store from 1922 to 1949 or 1950. One Newhall held the premises under a written lease, and paid rent therefor, from May 12, 1950, to May 15, 1955. He used the premises to store and sell farm equipment until May, 1954, when he moved to a new location. He continued to use the building for storage until May, 1955, and went to the building once in every two or three months. When the building became vacant the owners listed it with a real estate agent who suggested that the owners advertise it, spoke to several prospects, and secured his last interested prospect one and a half or two years prior to the court hearing in June, 1958. Since then he had done nothing to rent the premises except that on one occasion "he spoke to somebody in regard to putting a sales office there." The owners put two "for rent" signs in the window of the building two days after Newhall vacated it. One sign remained in place from May, 1955, to June 29, 1958. The other remained in the window until a year prior to the date of hearing. One of the owners placed an advertisement in the local paper on May 19 and 21, 1955, and "also inserted two or three small ads in the newspaper after the big ads which appeared in May, 1955," but was uncertain whether these appeared after the end of 1955. The prospective tenant, in order to adapt the premises for beauty parlor use, intended to install two booths. She would work alone and there would be no odor or noise.

1. In the opinion of a majority of the court, the decree cannot be sustained on the ground stated by the judge.

We have indicated that for a finding of discontinuance there must be evidence of abandonment, that is, of intent to abandon and of voluntary conduct carrying that implication. *Pioneer Insulation & Modernizing Corp.* v. *Lynn*, 331 Mass. 560, 564–565. We think that the evidence of abandonment is insufficient. We assume that evidence of things done or not done which carries the implication of

abandonment will support a finding of intent, whatever the avowed state of mind of the owner, so that the second of the two factors mentioned in the *Pioneer* case may, in appropriate circumstances, be controlling evidentially. But so far as an intent is shown in the owners' conduct in allowing the premises to be without a tenant for two years and nine months, (making some effort to rent for business use,) making no effort to convert to residential use, it is an intent to continue the business use. The negotiations for the beauty shop rental speak of a continuing intent. Failure to make any use of premises for an extended time might, we assume, evidence an intent to abandon any profitable use so that the nonconforming privilege would be lost, but we do not think the lapse of time here is such as to permit that conclusion. We see no basis for concluding that such rental efforts as were made were in bad faith. The lapse of time was not so great that those efforts, and the absence of an attempt for residential use, lose all significance. We see no basis for concluding that intent to abandon existed for two years or more. The ordinance does not intend a loss of a nonconforming use merely from nonoccupancy. In the *Pioneer* case we said (p. 565), "Thus nonoccupancy of the premises and suspension or cessation of business due to causes over which the owner has no control do not of themselves constitute a discontinuance; and lapse of time is not the controlling factor, although it is evidential, especially in connection with facts showing an intent to discontinue the use." However, an owner can by his diligent efforts have some control over a period of vacancy, and if he allows an extended time to elapse with only desultory and equivocal action in the meantime, he runs the risk of a sustainable finding of abandonment and discontinuance.

2. The decree is supported by the provision of the ordinance which bars a permit for new use which is "substantially different in character." That the new use may not be more detrimental or objectionable is immaterial for the wording is such that both requirements must be met. *Public Bldgs. Commr. of Newton* v. *Star Mkt. Co.* 324 Mass. 75,

79. *Adamsky* v. *Mendes*, 326 Mass. 603, 605. The absence of a finding of difference of character of use does not prevent our sustaining the decree on this ground. The ordinance, with the other controlling evidence, is before us, and we rule that a finding that these uses are not "substantially different in character" would be erroneous in law. *Everpure Ice Mfg. Co. Inc.* v. *Board of Appeals of Lawrence*, 324 Mass. 433, 437, and cases cited. See *Mioduszewski* v. *Saugus*, 337 Mass. 140, 145. The difference in character intended by the ordinance is a difference which has significance for zoning purposes. See *Marblehead* v. *Rosenthal*, 316 Mass. 124, 128; *Seekonk* v. *Anthony*, *ante*, 49, 53–54. The business of a beauty parlor is personal service and not the sale of merchandise. While both types of business are often conducted in the same business areas, they are, nevertheless, sufficiently differentiated to support different zoning classifications. One and not the other may be excluded from certain residence areas; a permit from the board of appeals may be required for one and not the other. We assume that in a particular case, and, indeed, in this case, it could be found that the effect upon the neighborhood, applying all zoning purpose tests, would be similar. See *Marblehead* v. *Rosenthal*, 316 Mass. 124, 128. But the requirement of the ordinance goes beyond that. It excludes substantially different uses regardless of the effect, even those uses which in the circumstances could be found to be more in accord with the zoning purpose indicated for the community. For cases where the limitation in the enlarging ordinance or by-law was only in respect of more detrimental use see *LaMontagne* v. *Kenney*, 288 Mass. 363, 366–368; *Donovan Drug Corp.* v. *Board of Appeals of Hingham*, 336 Mass. 1, 4–5.

*Decree affirmed.*