## *Western District*
### RADCLIFFE & CO., INC.
#### v.
### ANTHONY J. SAMBITO
#### and
### WILLIAM T. SNYDER

Argued: July 1, 1965—Decided: July 17, 1965

*Present*: Garvey, P. J., Moore & Allen, JJ.

Case tried to *Mellquist, J.* in the Second District Court of Eastern Worcester. No. 5549-B.

*Garvey, P. J.* After a trial in this action of contract there was a finding for the plaintiff and damages were assessed in the amount of $2,278.05. The defendants claiming to be aggrieved by the court's rulings on the ad-

missibility of evidence, the denial of certain of their requests for rulings of law, and its finding for the plaintiff, requested this report. [1]

The plaintiff, (Radcliffe) in separate counts against each defendant, alleged that they were officers or agents of the Lumette Corporation, (Lumette) a foreign corporation, who transacted business in Massachusetts, maintained an office in Clinton, Massachusetts, and failed to file with the Commissioner of Corporations and Taxation as required by G. L. (Ter. Ed.) c. 181, §§3, 5 and 12; that it held an unsatisfied judgment *against Lumette* in the amount of $2,278.05; that the defendants as such officers or agents were jointly and severally liable for the amount of this judgment. The defendants denied liability, and pleaded the contract between Radcliffe and Lumette related to Interstate Commerce.

We assume, without deciding, the evidence would warrant the trial judge's finding that the defendants were officers or agents of Lumette. Summarized, his other pertinent findings and rulings of law as set forth in the report show that:

Radcliffe [2] was a foreign corporation with

[1] The draft model report set out in Rule 28 of the Rules of the District Courts, not being followed, particularly in its failure to differentiate between the evidence and the trial court's findings, makes our task unnecessarily difficult.

[2] It appears that Radcliffe was sales representative in the southern states for Lumette for the sale of

its usual place of business in South Carolina, not qualified to transact business in Massachusetts. Lumette was incorporated and had a business office in the State of New York; did not qualify to do business in Massachusetts under G. L. (Ter. Ed.) c. 181, §§3, 5, and 12, maintained an office in Clinton, Massachusetts and there accepted orders for goods sold and shipped to customers outside of Massachusetts; maintained a bank account in Clinton, made deposits and drew checks thereon; ceased doing business in Massachusetts in December of 1962; all sales by it were made to out of state customers except for one sale to a Massachusetts customer in 1959.

The trial judge then followed these findings with this crucial ruling: "This being a suit upon a judgment and execution issued by the Second District Court of Eastern Worcester I refused to hear evidence concerning the original contracts claimed by the defendants to be within the statute relative to Interstate Commerce, being of the opinion, that as officers or agents of the Lumette Corporation it was their right and duty to set forth that defense in said case #4702B"— the action in which Radcliffe secured its judgment against Lumette.

▌▌▌ The rights of the plaintiff are created

metallic yarn, and the default judgment it secured was based on commissions alleged to be due for sales made by it in the years 1961 and 1962.

and the obligations of the defendants imposed by G. L. (Ter. Ed.) c. 181, §5. This statute requires that foreign corporations, before *"transacting business"* in this Commonwealth file with the Commissioner of Corporations and Taxation (now the Secretary of State, St. 1962, c, 750, §59) a copy of its charter and other pertinent information with respect to its incorporation, and officers "who authorizes or transacts and every agent thereof who transacts business" for a corporation who fails to so file "shall be liable, jointly and severally, in contract, without prior proceedings against the corporation, for all debts and contracts of the corporation, *except such as relate to interstate commerce.* Such failure [to file] shall not affect the validity of any contract with such corporation . . . . . " (*Emphasis supplied*).

In *Garvey v. Wesson,* 258 Mass. 48, the court in construing the words "except as relate to interstate commerce" said: "When . . . . an exception is made part of the enacting clause of a statute, the pleader must show that his cause of action is not within the exception". See also *Sullivan v. Ward,* 304 Mass. 614.

A plaintiff such as Radcliffe pursuing the remedy granted it by §5, to hold an officer or agent of an unqualified foreign corporation such as Lumette is required to prove (a) that Lumette transacted business in Massachusetts and was therefore required to qualify, and (b) that its contract or debt did not relate

to interstate commerce. The only evidence of transacting business in Massachusetts, other than maintaining an office in Clinton, was one sale made by Lumette to a Clinton company in 1959. There was no finding by the trial judge that this constituted transacting business in Massachusetts.

Radcliffe made no attempt to show it came within the exception relating to interstate commerce, and when the defendants undertook this burden by offering testimony tending to show Radcliffe's contract with Lumette, and that sales made by it related exclusively to interstate commerce, the trial judge ruled the evidence inadmissible.[3] He thus foreclosed proof of one of germane issued in the case, which was error.

And Radcliffe derives no benefit against these defendants from its judgment against Lumette. Not being parties nor privies to that action they were not bound by that judgment. *Albernaz v. Fall River,* 346 Mass. 336, 339, 340; *Pioneer Insulating & Modernizing Corp. v. Lynn,* 331 Mass. 560; *Old Dominion Copper Mining & Smelting Co., v. Bigelow,* 203 Mass. 159, 214-219. Further, the defendants were not obliged to assert their defenses, in that action, as the trial judge ruled. They had no right to do so.

As justice to the parties requires that there be a new trial, we do not feel it necessary to discuss the defendants' other claims of error.

[3] To this ruling the defendants claimed a report and perfected it in accordance with G. L. (Ter. Ed.)

*A new trial is to be ordered.*

Sheridan & Randall, of Framingham, for the Plaintiffs.

Talamo, Talamo & Phillips, of Worcester, for the Defendants.

c. 231, §108 and Rule 27 of the Rules of the District Courts by filing a written summary of their claim of report within five days after the hearing of all the evidence.