ROBERT MORIN *vs.* BOARD OF APPEALS OF LEOMINSTER & another.[1]

Worcester.    February 7, 1967. — June 7, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ

*Zoning,* Nonconforming use or structure.

A variance granted by a zoning board of appeals must be annulled as in excess of the board's authority on appeal to the Superior Court under G. L. c. 40A, § 21, where the board's findings do not warrant the granting of a variance. [622]

Where it appeared in a suit in equity that a printer had conducted a one-man printing office in the barn on his premises during the warm months and in his dwelling during the winter months prior to his entry into the military service and to enactment of a zoning ordinance placing his premises in a residence district, that upon his discharge from the service following enactment of the ordinance he resumed such seasonal use of the barn and dwelling, although subsequently he carried on his printing office only in the dwelling, that improvements made in the barn to fit it for year round operation of the printing business did not amount to "reconstruction, extension or structural change" under the ordinance, and that he intended to continue to conduct only the one-man printing operation in the barn, it was held that the printer had a lawful nonconforming use with respect to his barn and was entitled to carry on his printing office there year round to substantially the same extent as it had been carried on prior to enactment of the ordinance. [624]

BILL IN EQUITY filed in the Superior Court on April 30, 1963.

The suit was heard by *Meagher, J.*

*Francis H. Gettens* (*Wilfred B. Feiga* with him) for the plaintiff.

*John Gazourian* for the defendant Roland R. Camire.

[1] Roland R. Camire, owner of the premises.

KIRK, J. The plaintiff (Morin), under G. L. c. 40A, § 21, sought to have annulled in the Superior Court the decision of the board of appeals which granted a "variance" to the defendant Camire authorizing him to relocate the one-man printing office in his dwelling to a barn in the rear of the dwelling on the same premises. The judge made findings of fact on reported evidence. A final decree dismissing the bill was entered. Morin, a close neighbor of Camire, appeals.

We summarize the judge's findings and supplement them, for purposes of clarity, by stating certain evidence which is not disputed. The premises, which have been in the Camire family since 1903, are located in a residence C district of Leominster. There are several retail establishments within 150 feet of the locus in the same residence district. Camire's father had used the barn for many years as a woodworking shop. Prior to 1944, Camire had operated a small printing office in the barn during the warm months and in the dwelling during the winter months. Camire entered the armed forces in June, 1944, prior to the enactment of the zoning ordinance in the same year. He was sent overseas in November, 1944. Upon his discharge from the service in 1946, Camire returned home and resumed the seasonal use of the barn and dwelling as his printing office.

Thereafter, the following events took place, during which Camire did not engage or have the advice of an attorney. In 1954 Camire applied for a building permit to alter his dwelling for use in part as a year round printing office. The application was denied by the building inspector. Camire was granted a "variance" permitting the operation of a year round printing office in his dwelling. In 1960, Camire married. By 1963 the couple had one child and was expecting another. To avoid overcrowding in the dwelling and for safety, Camire sought and was denied a building permit to alter the barn so that his one-man printing office could be conducted there year round. Thereupon on a form provided by the building inspector he applied for

a "variation" for the same purpose.   The board complied
with all requirements as to notice and hearing.   Only Morin
and his sister objected.   The board granted a "variance"
on condition that the business would continue only as a
one-man operation and would cease upon transfer of the
premises.

The walls and roof of the barn have since been insulated.
Heat, electricity and an acoustical ceiling have been in-
stalled.   The operation of the business in the barn makes
no more noise than it made in the dwelling.   The only dis-
cernible noise, described as a "thump" by Morin, occurs
when the automatic press is in operation.   There are no
fumes, odors or vibration.   Camire's use of the barn would
not derogate from the value of the surrounding land or re-
sult in substantial detriment to the public good.   Camire
earns his living from the one-man printing operation.
Upon the filing of the present bill by Morin, Camire en-
gaged a lawyer.

In addition to the foregoing, the judge found that there
was a nonconforming use of both the dwelling and the barn
as a printing office upon the enactment of the zoning ordi-
nance, and that the nonuse of either, consequent upon
Camire's entry into military service in time of war, did not
per se constitute an abandonment by him of the noncon-
forming use.   He also found that Camire did not intend to
apply for a variance, but, rather, intended to apply for a
special permit to alter the barn.

Morin contends, Camire concedes, and the judge found
that the board's findings do not warrant the granting of a
variance.   We agree.   The board's action was in excess of
its authority.   *Barnhart* v. *Board of Appeals of Scituate,*
343 Mass. 455, 457, and cases cited.

The absence of any right to a variance, however, is not
dispositive of Camire's right to conduct his one-man print-
ing office in his barn.   Section II B of the zoning ordinance
provides in part that the ordinance "shall not apply to
existing buildings or structures, nor to the existing use of
any building or structure, or of land to the extent to which
it is lawfully used at the time of the adoption of this ordi-

nance." Prior to the adoption of the ordinance Camire had conducted his one-man printing office in his dwelling and barn. He therefore had a nonconforming use under § II B of the ordinance, provided he had not abandoned the use of the barn as a printing shop prior to the adoption of the ordinance. See *Wayland* v. *Lee,* 325 Mass. 637, 642. The judge warrantably found that Camire's entry into the service before the ordinance was enacted did not amount to an abandonment. *Paul* v. *Selectmen of Scituate,* 301 Mass. 365. *Pioneer Insulation & Modernizing Corp.* v. *Lynn,* 331 Mass. 560, 565.

That Camire subsequently carried on his one-man printing office only in his dwelling did not constitute a forfeiture of his nonconforming use with respect to the barn. Under the ordinance, the existence and validity of a nonconforming use is determined solely as of the date of the passage of the ordinance. Compare *Pioneer Insulation & Modernizing Corp.* v. *Lynn,* 331 Mass. 560, 562; *Dobbs* v. *Board of Appeals of Northampton,* 339 Mass. 684, 685.

The ordinance does set out conditions upon which nonconforming uses would become subject to the provisions of the ordinance. Section II B states: "This ordinance shall apply to any change of use thereof and to any alteration of a building or structure when the same would amount to reconstruction, extension or structural change, and to any alteration of a building or structure to provide for its use for a purpose or in a manner substantially different from the use to which it was put before alteration, or for its use for the same purpose to a substantially greater extent." None of these conditions exist, however, with respect to Camire's operation. The interior improvements undertaken in the barn do not amount to a "reconstruction, extension or structural change" of the building. Nor is there any dispute that Camire intends to continue the same nonconforming use. Further, the judge's findings show that the resumption of printing operations in the barn does not amount to "its use for the same purpose to a substantially greater extent." The operation remains a one-man operation. Although it is not clear from the judge's findings

whether Camire owned his automatic press at the time the zoning ordinance was passed, it is of no consequence. "[T]he fact that improved and more efficient instrumentalities are utilized in pursuit of the use does not exclude it from the category of an 'existing use,' provided these are ordinarily and reasonably adapted to make that use available to the owner, and the original nature and purpose of the undertaking remain unchanged." *Wayland* v. *Lee,* 325 Mass. 637, 643, quoting from *DeFelice* v. *Zoning Bd. of Appeals of East Haven,* 130 Conn. 156, 162.

We hold, therefore, that although as the judge ruled Camire is not entitled to a variance, he nevertheless has a nonconforming use with respect to his barn and he may carry on his printing office there year round to substantially the same extent as it was carried on prior to the adoption of the zoning ordinance in 1944. Because of our holding, we need not discuss the judge's finding that Camire intended to apply for a special permit.

The final decree is reversed. A final decree is to be entered declaring that the decision of the board of appeals is annulled as being in excess of its authority.

*So ordered.*