MAURICE M. GOLDMAN[1] vs. TOWN OF DENNIS.

Barnstable. April 4, 1978. — May 9, 1978.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & LIACOS, JJ.

Zoning, Condominium, Nonconforming use or structure. *Constitutional Law*, Equal protection of laws.

General Laws c. 183A, the Condominium Enabling Act, does not create an exception to c. 40A, The Zoning Enabling Act. [198-199]

An amendment to a town's zoning by-law regulating the conversion of any nonconforming cottage colony to single family use under condominium type ownership was valid as a regulation of "change of use" under G. L. c. 40A. [199]

In an action challenging the validity of a zoning by-law regulating the conversion of any nonconforming cottage colony to single family use under condominium type ownership, there was no merit to the plaintiff's contention that the by-law unconstitutionally discriminated between condominium type ownership and other forms of multiple ownership and between a cottage colony and a motel. [199-200]

PETITION filed in the Land Court on May 12, 1975.

The case was heard by *Randall*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court on its own initiative, ordered direct appellate review.

*Kevin Keating* for the plaintiff.

*Robert E. O'Neil*, for the defendant, submitted a brief.

BRAUCHER, J. In 1974 the town of Dennis amended its zoning by-law to forbid the conversion of any nonconforming cottage colony to single family use under condominium type ownership, unless the lot on which each building is

---

[1] The original plaintiffs, Theodore G. Sarris and another, and others added by amendment were owners of the property in question. We allow their motion and that of Mr. Goldman to substitute the latter, as the present owner and sole plaintiff.

located meets certain minimum requirements.[2] The judge
of the Land Court ruled that the amendment is valid, and
the owner of the land affected by the amendment appeals.
We transferred the case to this court on our own motion,
and we affirm.

The case was tried on a stipulation of facts, which we
summarize. The property in question consists of two tracts,
each consisting of a "cottage colony." Cottage colonies are
prohibited in all zones of the town, except as nonconform-
ing uses. Both tracts are located in zones where single family
use is permitted, and the owner desires to convert his cot-
tage colonies into condominiums pursuant to G. L. c. 183A
by sale of an undivided interest in the common areas and
facilities. The 1974 zoning by-law amendment prohibits
such conversion.

The plaintiff owner makes three contentions: (1) A town
cannot regulate or prevent the creation of condominiums.
(2) The regulation or prevention of condominium conver-
sions relates to the form of ownership and not to the "use" of
land, and is not authorized by The Zoning Enabling Act,
G. L. c. 40A. (3) The amendment violates constitutional re-
quirements of equal protection of the laws. We treat these
contentions in order.

1. *Exemption of condominiums from zoning.* There is no
merit in the contention that G. L. c. 183A creates an excep-
tion to The Zoning Enabling Act, G. L. c. 40A. Under
G. L. c. 183A, § 15, the Subdivision Control Law does not
apply to the division of a building into units. That provision
would be entirely unnecessary if c. 183A overrode preex-
isting statutes. Cf. G. L. c. 183A, § 20; *Perry* v. *Building In-*

---

[2] Section 2.4.3.6: "An existing non-conforming cottage colony may not
be converted to a single family dwelling use under separate ownership
unless the lot upon which each building is located complies with
minimum requirements for single family dwellings in the zoning district
in which the land is located, and such non-conforming cottage colony
may not be converted to single family use under condominium type
ownership unless the lot meets the minimum requirements for open space
village development."

spector of Nantucket, 4 Mass. App. Ct. 467, 471-472 (1976).

2. "Use" versus form of ownership. Under St. 1975, c. 808, § 5, second paragraph, the present case is governed by G. L. c. 40A as in effect prior to January 1, 1976, and all references to c. 40A in this opinion are to the chapter prior to its 1975 amendment. Section 2 of c. 40A authorized the regulation of the use of buildings, structures and land. See MacGibbon v. Board of Appeals of Duxbury, 356 Mass. 635, 636 (1970). Section 5, as amended through St. 1969, c. 572, made zoning by-laws and amendments inapplicable to "existing buildings or structures" and to "the existing use of any building or structure, or of land to the extent to which it is used at the time of adoption" of the by-law; but the by-law or amendment was to apply "to any change of use."

The legislative body of the town could reasonably believe that conversion of a cottage colony to single family use under condominium type ownership would encourage expansion of use beyond the short summer season. In McAleer v. Board of Appeals of Barnstable, 361 Mass. 317, 323 (1972), we recognized that a town could inhibit "expansion of a nonconforming use from seasonal to a year-round basis," although we found the by-law there in question to be broad enough to permit the increase. See Berliner v. Feldman, 363 Mass. 767, 776-777 (1973); Morin v. Board of Appeals of Leominster, 352 Mass. 620, 623-624 (1967). Here the by-law is explicit in its limitation of the expansion of a nonconforming use. Although the limitation is phrased in terms of the type of ownership, we think it is valid as a regulation of "change of use." See Powers v. Building Inspector of Barnstable, 363 Mass. 648, 652-658 (1973). Cf. Norsco Enterprises v. Fremont, 54 Cal. App. 3d 488, 498 (1976) (condominium developments present special land use problems).

3. Constitutional problems. In the Land Court it was contended that the by-law in question, since it did not define "cottage colony," was unconstitutionally vague.

That contention is not briefed on appeal, and is deemed waived. We accept the judge's conclusion that a "cottage colony" is a "group of small summer vacation homes." The plaintiff now contends that the by-law unlawfully discriminates (1) between condominium type ownership and other forms of multiple ownership, and (2) between a cottage colony and a motel. We are not here concerned with discrimination between a rented apartment building and a like building converted to condominium type ownership. See *Miami Beach* v. *Arlen King Cole Condominium Ass'n*, 302 So. 2d 777 (Fla. Dist. Ct. App. 1974); *Maplewood Village Tenants Ass'n* v. *Maplewood Village*, 116 N.J. Super. 372, 377 (1971). Cf. *Wentworth Hotel, Inc.* v. *New Castle*, 112 N.H. 21, 25 (1972) (conversion of hotel to condominiums permitted).

Equal protection does not prohibit differences in treatment where there is a rational basis for those differences reasonably related to the purposes which the regulation seeks to accomplish. *Maher* v. *Brookline*, 339 Mass. 209, 213 (1959). The plaintiff's argument as to forms of multiple ownership other than the condominium type is not presented with sufficient clarity to enable us to deal with it intelligently. His argument as to motels is sufficiently answered by the judge's observation that a motel is typically used for one or two nights during all seasons, while a cottage colony is used for longer periods during a summer vacation period.

*Decision affirmed.*