HOWARD DAWSON & others *vs.* BOARD OF APPEALS OF BOURNE. October 17, 1984. *Zoning,* Nonconforming use or structure.

This is an appeal from a judgment of the Superior Court which annulled a decision of the board of appeals of the town of Bourne (board). See G. L. c. 40A, § 17.

The facts as found by the trial judge do not appear to be in dispute. The plaintiffs are owners of a parcel of land in the town of Bourne on which they had operated a nursing home as a nonconforming use for over thirty years.[1] The plaintiffs decided to close the nursing home and notified the Department of Public Health (department) of their decision on July 10, 1979. The nursing home began to phase out its operations and eventually discharged the last patient on August 10, 1979. On that same date, the plaintiffs surrendered their license to operate the home to the department. The plaintiffs continued to maintain the building and used it to store records and complete other records for the preceding fiscal year. This record-keeping operation was completed some time in November of 1979. The plaintiffs continued to maintain and heat the building for approximately one year after the discharge of the last patient and made several unsuccessful attempts to sell the property to various buyers for various purposes (none relating to nursing homes[2]) between August 10, 1979, and July of 1981.

---

[1] The establishment of the nursing home predated the adoption of the town's zoning by-law and constituted a nonconforming use.

[2] This evidence is in the trial transcript, but is not reflected in the judge's findings.

In July of 1981 the plaintiffs asked the board for a special permit to use the premises for apartments. Such a change from one nonconforming use to a different nonconforming use is permissible under § 2340 of the town zoning by-law. That petition was withdrawn. On October 14, 1981, the plaintiffs again sought from the board a special permit to use the premises for apartments. The board denied the petition on the ground that "the non-conforming use had been lost as the structure had not been used as a Nursing Home since August, 1979, a greater length of time than permitted under Section 2310" of the by-law.[3] The plaintiffs brought an action in the Superior Court seeking to annul the decision of the board. The trial judge ruled that the board had erred in its interpretation of § 2310 and that there was insufficient evidence that the plaintiffs had abandoned the nonconforming use. The board's decision was annulled, and the matter was remanded for a rehearing consistent with the judge's ruling. The board now appeals.

The board makes two arguments. It first argues that the term "abandoned" and "not used" as found in § 2310 are separate and distinct concepts and that the phrase "for a period of two years or more" applied only to the term "not used." Second, even if the term "abandoned" was subject to the two-year requirement, there was sufficient evidence to show that the plaintiffs had abandoned the nonconforming use more than two years prior to the filing of their second application for a special permit.

We might be persuaded that in order to give a consistent and harmonious construction to the entire by-law the time period in question applies to both "abandoned" and "not used." See, e.g., *Boston* v. *Massachusetts Bay Transp. Authy.*, 373 Mass. 819, 823 (1977). That question, however, need not be decided because, under the board's second argument, we hold that the judge's conclusion that "the evidence of abandonment is insufficient" was clearly erroneous.

The subsidiary facts found do not support a conclusion that the property had been used as a nursing home during the two-year period prior to the present application for a special permit. Rather, the facts amply demonstrate an "intent to abandon and . . . voluntary conduct carrying that implication." *Dobbs* v. *Board of Appeals of Northampton*, 339 Mass. 684, 686 (1959). Here, there was an abandonment of the use of the property as a nursing home when the license to maintain a nursing home was surrendered. Heating the building and using it to store records is of no avail to the plaintiff.

The judgment is vacated, and the case is remanded to the Superior Court for the entry of a new judgment declaring that the decision of the board did not exceed its authority.

*So ordered.*

*Charles M. Sabatt*, Assistant Town Counsel, for the defendant.
*Walter H. McLaughlin, Jr.*, for the plaintiffs.

---

[3] Section 2310 reads: "A nonconforming use or structure which has been abandoned or not used for a period of two years or more shall not be reestablished and any future use shall conform with this By-Law."