In re WHITE PLAINS DEVELOPMENT CORPORATION, et al., Debtors.

FRONTAGE DEVELOPMENT CORPORATION and the Eighty Trust, Plaintiffs,

v.

Eliot FURMAN and Ackerley Communications of Massachusetts, Inc., Defendants.

Bankruptcy No. 91 B 21471.
No. 93 5047A.

United States Bankruptcy Court, S.D. New York.

June 24, 1993.

Rogers & Wells, New York City, for Frontage Development Corporation and Ackerley Communications of Massachusetts, Inc.

Hanify & King, P.C. Boston, MA, for Eliot Furman.

### DECISION ON MOTION FOR PARTIAL SUMMARY JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Chapter 11 debtors, Frontage Development Corp. ("FDC") and The Eighty Trust (the "Eighty Trust"), have moved for partial summary judgment in this adversary proceeding which they commenced against Eliot Furman ("Furman") and Ackerley Communications of Massachusetts, Inc. ("Ackerley") to avoid certain post-petition transfers. The debtors also seek a declaratory judgment that all future payments made under an Indenture of Lease

(the "Lease") are property of the estate and therefore should be paid directly to the Eighty Trust.

During the period Furman owned the property at the center of this dispute, Ackerley leased a portion of it from Furman to erect and maintain a billboard. The debtors contend that Furman subsequently granted to FDC, pursuant to a deed, all of his rights in the property including all rents accruing under the Lease. The debtors argue that post-petition rental payments in the amount of $47,700 made by Ackerley to Furman are property of the estate and are thus voidable under 11 U.S.C. § 549. They also argue that Furman's claimed retained interest in the rental income is void and that the Eighty Trust, as a debtor-in-possession, may use its strong-arm powers, pursuant to 11 U.S.C. § 544(a)(3), to avoid any future transfer of the rents to Furman. Furman opposes the debtor's motion and argues that summary judgment is inappropriate because there are material facts at issue.

## FACTUAL BACKGROUND

On September 25, 1991 FDC and the Eighty Trust filed for protection under Chapter 11 of the Bankruptcy Code and continued in U.S.C. §§ 1107 and 1108.

FDC is a corporation organized and existing under the laws of Massachusetts. FDC's principal place of business is located in Boston, Massachusetts.

The Eighty Trust is a trust organized and existing under the laws of Massachusetts. The Trust's principal place of business is in Boston, Massachusetts.

Furman, an individual, resides in Randolph Massachusetts. Ackerley, a corporation, maintains its principal place of business in Shoreham, Massachusetts.

On February 13, 1981, Furman, then the owner in fee simple of property located at 25–33 Morrissey Boulevard, Lots 6, 7 and 10, Boston, Massachusetts (the "Property"), leased Lot 10 of the Property to Ackerley pursuant to the Lease. The Lease was drafted by Furman and duly recorded in the appropriate offices located in Massachusetts.

Under the terms of the Lease, Ackerley leased Lot 10 for an initial term of twenty years commencing on February 13, 1981 and continuing through February 12, 2001 at a base rate of $30,000 per year. Ackerley was also granted the option to extend the term of the Lease for an additional ten years at a base rate of $12,000 per year.

Located on Lot 10 of the Property is a double-sided, free standing billboard (the "Billboard"). At all times relevant to this adversary proceeding, Ackerley was and is the owner of the Billboard.

On April 1, 1985, Furman entered into a Purchase/Sale agreement (the "Purchase Agreement") with FDC under which Furman agreed to convey to FDC all of Furman's right, title and interest in the Property. The Purchase Agreement states that Furman "shall retain the right to receive all rents accruing under said leases for their respective durations, notwithstanding the transfer of title to the premises from SELLER to BUYER." *Rider A to the Purchase and Sale Agreement*, at ¶ 20.

On May 1, 1985, Furman executed a deed (the "Deed") pursuant to which Furman conveyed all of his right, title and interest in the Property to FDC. The Deed was duly recorded in the appropriate office in Massachusetts.

Contemporaneous with the execution of the Deed, Furman and FDC executed a Partial Lease Assignment and Assumption Agreement (the "Partial Assignment"). Specifically, the third "whereas" clause in the Partial Assignment states:

WHEREAS, [Furman and FDC] desire to effect a partial assignment of said Lease from Furman to FDC whereby Furman agrees to assign all obligations of the Lease to FDC while retaining the right to receive rent and other payments under the Lease, all in accordance with the terms of the Partial Assignment.

*Partial Lease Assignment and Assumption Agreement*, at 1. The Partial Assignment was not duly recorded.

On or about August 1, 1987, FDC conveyed its interest in the Property to the Eighty Trust, including its right, title and interest in the Lease.

Count One of the Adversary Complaint alleges that within ninety days prior to the petition date, Ackerley transferred to Furman approximately $7,500 which represented the rental payments then due and owing to the Eighty Trust under the Lease. The debtors contend that this constitutes a transfer to a creditor under 11 U.S.C. § 541(b)(1), as Furman is a creditor of the Eighty Trust's estate. *Adversary Complaint*, at ¶ 19. Count One is not before the court on this summary judgment motion.

Count Two alleges that Ackerley has continued to make rental payments to Furman since the petition date. The debtors contend that the post-petition transfers by Ackerley to Furman of the Eighty Trust's property are voidable by the Eighty Trust, as a debtor-in-possession, pursuant to 11 U.S.C. § 549. *Id.* at ¶ 24.

The aggregate amount of the post-petition transfers is unclear from the documents. The debtors' adversary complaint states that the amount of the post-petition transfers is $40,000. *Id.* at ¶ 21. The debtors' Local Rule 13(h) Statement states that the amount is $47,700. Neither Furman nor Ackerley has specified the amount of the post-petition transfers in their submitted papers.

In Count Three, the debtors seek a declaratory judgment pursuant to Federal Rule of Bankruptcy Procedure 7001(2) and 7001(9) that the Partial Assignment did not grant, convey or transfer to Furman a security interest in the rent due and owing under the Lease. *Id.* at ¶ 26.

In Count Four, the debtors seek a declaratory judgment stating that Furman's alleged security interest in the rent due and owing under the Lease is void as of the petition date, pursuant to 11 U.S.C. § 544. *Id.* at ¶ 28.

In Count Five, the debtors seek a declaratory judgment that all future payments under the Lease be made directly to the Eighty Trust. Ackerley has refused to make payments directly to the Eighty Trust absent an order from this court. *Id.* at ¶ 31.

Furman denies that the rental payments made by Ackerley under the Lease constitute property of the Eighty Trust's estate. Rather, he asserts that the rental payments are his sole personal property as evidenced by the Partial Assignment. *Answer and Affirmative Defenses of Eliot Furman*, at 5.

Since the petition date, Ackerley has paid rent to Furman through February, 1993. The debtors commenced this adversary proceeding on February 8, 1993. Ackerley is holding rent checks for the Billboard in escrow for the months of March, April and May, 1993 pending a determination by this court as to how and to whom to distribute those funds. There was also a payment due under the Lease on June 5, 1993.

By stipulation so ordered by this court on June 10, 1993, the parties have agreed that Ackerley is liable for only the interpled funds, as well as future rental payments as they come due monthly. Ackerley is therefore a disinterested stakeholder in this proceeding.

### DISCUSSION

The debtors have moved for summary judgment under Federal Rule of Civil Procedure 56, made applicable to this proceeding by Bankruptcy Rule 7056. In ruling on a motion for summary judgment, the court must review the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any to determine whether there is no genuine issue as to any material fact so that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the

motion. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 599, 106 S.Ct. 1348, 1363, 89 L.Ed.2d 538 (1986). The nonmoving party may oppose a summary judgment motion by making a showing that there is a genuine issue as to a material fact in support of a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511.

■ The issues in this case can be simply stated: (1) whether the Eighty Trust may avoid certain post-petition transfers of rental income made to Furman from Ackerley for use of the subject property under the strong-arm powers afforded the trustee pursuant to Sections 544(a)(3) and 549; and (2) whether the debtors are entitled to all future payments under the lease. Section 544(a)(3) provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

. . . .

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

■ This statute gives to a trustee, or a debtor-in-possession as provided in section 1107(a), the rights of a hypothetical bona fide purchaser of the debtor's property which had perfected the transfer at the moment the petition was filed. Although a debtor's status as a bona fide purchaser is determined by section 544(a) of the Bankruptcy Code, it's rights in relation to other parties are governed by applicable state law. *McCannon v. Marston*, 679 F.2d 13, 15 (3d Cir.1982); *In re Davidson Rehab Associates*, 103 B.R. 440, 443 (Bankr. S.D.N.Y.1989).

■ A federal court must apply the choice of law rules of the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 491, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *accord Continental Cas. Co. v. Pullman, Comely et. al.*, 929 F.2d 103, 105 (2d Cir.1991); *Transatlantic Cement v. Lambert Freres et cie.*, 462 F.Supp. 363 (S.D.N.Y.1978). Therefore, because New York is the forum state in this instance, this court must rely on New York's rules governing choice of law. *In re Golden Distributors, Ltd.*, 134 B.R. 750, 755 (Bankr.S.D.N.Y.1991). Under New York choice of law principles, this court must apply the substantive real property law of the state having the most significant relationship with the occurrence and with the parties. *American Protein Corp. v. AB Volvo*, 844 F.2d 56, 63 (2d Cir.), *cert. denied*, 488 U.S. 852, 109 S.Ct. 136, 102 L.Ed.2d 109 (1988); *Golden Distributors*, 134 B.R. at 755; *Babcock v. Jackson*, 12 N.Y.2d 473, 482, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963).

■ In the present case, FDC, the Eighty Trust and Ackerley all maintain their principal places of business in Massachusetts, and Furman, an individual, resides there. The Property, which is the subject of this litigation, is located in Massachusetts. Moreover, the Deed was recorded in Massachusetts. Consequently, this court must apply the substantive real property law of Massachusetts in determining the merits of this adversary proceeding.

■ Under Massachusetts law, a quitclaim deed conveys to the purchaser all of the right, title and interest in the property that the seller previously owned. Mass. Gen.Laws Ann. ch. 183, § 2 (West 1993). In Massachusetts,

[a] conveyance of an estate in fee simple . . . or a lease for more than seven years from the making thereof, or an assignment of rents or profits from an estate or lease, shall not be valid as against any person, except the grantor or lessor, his heirs and devisees and persons having actual notice of it. . . .

Mass.Gen.Laws Ann. ch. 183, § 4 (West 1993). Knowledge of facts which ordinarily would put a party upon inquiry is not sufficient notice. *McCarthy v. Lane*, 301 Mass. 125, 128, 16 N.E.2d 683, 685 (1938). Under section 544, a debtor is insulated from any actual, personal knowledge, and therefore this court will not consider matters outside of the real estate record as affecting the debtor's status as a bona fide purchaser. *In re Dlott*, 43 B.R. 789 (Bankr.D.Mass.1983).

■ This is not a case where equitable reformation of the Deed is appropriate because there is no assertion that there was a mutual mistake. *See General Builders Supply Co. v. Arlington Co-operative Bank*, 359 Mass. 691, 271 N.E.2d 342 (1971). In this case the parties agree that the Deed speaks for itself, and the language of the Deed is unambiguous. *Answer and Affirmative Defenses*, at ¶ 11. The Deed provides explicitly that Furman conveyed the property to FDC "subject to and with the benefit of ... [the] lease to [Ackerley]." *Deed*, at 2.

■ Furman asserts that summary judgment is inappropriate because there is a genuine issue of material fact with respect to whether Furman conveyed his right to receive the rental income under the Lease to FDC. *Furman's Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment*, at 5. The crux of his position is that Furman and the debtors differ in their interpretation of the language in the Partial Assignment. He argues that it should be construed to the effect that Furman retained the right to receive the rents due under the Lease. *Id.* at 6. However, where language in a contract is unambiguous, summary judgment is appropriate. *Cable Science Corp. v. Rochdale Village, Inc.*, 920 F.2d 147, 151 (2d Cir.1990).

■ Here, as established in the parties' respective Local Rule 13(h) statements and supporting affidavits, the disputed issues relate to the meaning and effect of language in legal documents including the Deed and the Partial Assignment. That language and the inferences to be drawn

from it may be construed as a matter of law. *See National Union Fire Insurance Co. v. Turtur*, 892 F.2d 199, 205 (2d Cir. 1989) (noting that questions of intent usually inappropriate for disposition on summary judgment).

Furman erroneously focuses his argument on language in the Partial Assignment which he claims expressly reserved his right to receive the rental income under the Lease. Pursuant to the Partial Assignment, FDC agreed to pay or cause to be paid to Furman the rental payments due and owing to FDC under the Lease. Although Furman acknowledges that the Deed conveyed all of his rights in the property to FDC, he argues that the Partial Assignment contains the true intent of the parties with respect to the Billboard rents. However, while the Partial Assignment may or may not have been binding as between the parties to it, this court need not decide that issue.

The right to the rents under the Lease is an interest in real property which was transferred in fee simple absolute to FDC under the Deed, and subsequently to the Eighty Trust in fee simple absolute. Unlike the Partial Assignment, these conveyances are a matter of public record in Massachusetts. The Eighty Trust may rely on that record and, as a bona fide purchaser under 11 U.S.C. § 544(a)(3) has a superior position to Furman, an unrecorded contract claimant.

■ On August 1, 1987, the Eighty Trust acquired from FDC the right to receive the Billboard rents pursuant to the Lease. Therefore, Furman must turn over the post-petition rents which he received from Ackerley. Ackerley must pay to the Eighty Trust all monthly rents it holds from March, 1993.

In addition to recovering post-petition funds from Furman and Ackerley, the debtors seek a declaratory judgment directing Ackerley to continue making payments to the Eighty Trust for the remaining term of the Lease. A declaratory judgment is appropriate "to settle legal rights and remove uncertainty and insecurity from legal rela-

tionships without awaiting violation of rights or disturbance of relationships." *In re Allied Artists Pictures Corp.*, 71 B.R. 445, 448 (Bankr.S.D.N.Y.1987). A bankruptcy court may determine the validity of an interest in property in an adversary proceeding and may issue a declaratory judgment. Fed.R.Bankr.P. 7001(9). Consequently, Ackerley shall pay all future rents under the Lease to the Eighty Trust.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter of this proceeding under 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(E).

2. FDC acquired all rights in the property at issue which it then conveyed to the Eighty Trust. The Eighty Trust, a debtor-in-possession before this court, has the authority under 11 U.S.C. § 544 to void the subordinate rights of Furman to receive rent on Lot 10 from Ackerley. Therefore, the debtors' motion for summary judgement is granted. Furman shall turn over the post-petition rental payments which he received from Ackerley to the Eighty Trust's estate. Ackerley shall turn over to the Eighty Trust all Monthly rents due from March, 1993.

3. This court is authorized to issue a declaratory judgment to determine the validity of an interest in property which is the subject in an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(2) and 7001(9). The Leasehold interest is the property of the debtor Eighty Trust's estate pursuant to 11 U.S.C. § 541(d). Accordingly, Ackerley shall pay to the Eighty Trust all future rents which become due and owing under the Lease.

SETTLE ORDER on notice.